2002 OK 10

**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Julie Anne KELLEY, Respondent.**

Supreme Court of Oklahoma.

Feb. 12, 2002.

Mike Speegle, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, Attorney for Complainant.

Julie Anne Kelley, Pro Se.

## *OPINION*

WATT, Vice Chief Justice.

¶ 1 On September 18, 2001, the Complainant, Oklahoma Bar Association (OBA), filed a complaint against Respondent, Julie Anne Kelley, alleging two counts of professional misconduct, pursuant to Rule 6, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A. A hearing was held on November 1, 2001, before a Trial Panel (Panel) of the Professional Responsibility Tribunal (PRT). The OBA and Kelley presented "Agreed Stipulations and Recommendations for Discipline" (stipulations) which became an exhibit in the proceedings. The parties stipulated to a private reprimand as the appropriate discipline in this matter. The charges of misconduct against a lawyer must be established by clear and convincing evidence. See RGDP 6.12(c), 5 O.S.2001, Ch. 1, App. 1–A.[1]

¶ 2 The Panel issued its report on November 27, 2001, adopting the facts contained in

1.  **RGDP 6.12(c):**
    (c) To warrant a finding against the respondent in a contested case, the charge or charges must be established by clear and convincing evidence, and at least two of the members of the Trial Panel must concur in the findings.

the stipulations. The Panel concluded Kelley's conduct violated Rules 1.3, 1.4 and 3.2, Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.1991, Chapter 1, Appendix 3–A,[2] as to Count I of the complaint. As to Count II, the Panel concluded that Kelley violated Rule 5.2, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.1991, Chapter 1, Appendix 1–A.[3] The Panel found the violations in both counts were established by clear and convincing evidence and constituted grounds for imposing discipline. It recommended the imposition of a private reprimand and the assessment of costs in the amount of $355.73.

## COUNT I

¶3 Kelley, an Oklahoma City lawyer, agreed to represent Linda Fowler in a workers' compensation case which was filed initially by the Doolin law firm in Lawton. Kelley appeared on behalf of Fowler at a temporary docket hearing. Kelley advised Fowler on the possibility of settlement of her claim and contacted opposing counsel, Wade Cole, on the matter several times through December, 1999. However, in January, 2000, Kelley began having personal problems and left her law practice. She did not advise Fowler of this change and gave her no forwarding address or telephone number. Over the next several months, Fowler attempted to reach Kelley. She left several telephone messages for Kelley at the office. However, Kelley's former firm did not inform Kelley of Fowler's attempts to reach her. Fowler contacted the Doolin firm which advised her of Kelley's status and gave her a different telephone number. Fowler was unsuccessful in reaching Kelley at the new telephone number.

¶4 Vickie Leyja, a lawyer at the Doolin firm, reached Kelley and told her of Fowler's attempts to contact her regarding the settlement. The Stipulations provide that Kelley advised Leyja she would contact Cole about the settlement, but that she made no attempt to contact him or to return Fowler's call.[4] On June 1, 2000, the OBA received a grievance from Fowler against Kelley, complaining of her neglect of the case and her failure to return her calls. In July, 2000, after receiving inquiries from the workers' compensation carrier about settlement and a copy of Fowler's grievance against Kelley, the Doolin firm learned Kelley had done

2. **ORPC 1.3. Diligence**

A lawyer shall act with reasonable diligence and promptness in representing a client.

**ORPC 1.4. Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

**ORPC 3.2. Expediting Litigation**

A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

3. **RGDP 5.2. Filing and Processing of Grievances and Requests for Investigation**

After making such preliminary investigation as the General Counsel may deem appropriate, the General Counsel shall either (1) notify the person filing the grievance and the lawyer that the allegations of the grievance are inadequate, incomplete, or insufficient to warrant the further attention of the Commission, provided that such action shall be reported to the Commission at its next meeting, or (2) file and serve a copy of the grievance (or, in the case of an investigation instituted on the part of the General Counsel or the Commission without the filing of a signed grievance, a recital of the relevant facts or allegations) upon the lawyer, who shall thereafter make a written response which contains a full and fair disclosure of all the facts and circumstances pertaining to the respondent lawyer's alleged misconduct unless the respondent's refusal to do so is predicated upon expressed constitutional grounds. Deliberate misrepresentation in such response shall itself be grounds for discipline. The failure of a lawyer to answer within twenty (20) days after service of the grievance (or recital of facts or allegations), or such further time as may be granted by the General Counsel, shall be grounds for discipline. The General Counsel shall make such further investigation of the grievance and response as the General Counsel may deem appropriate before taking any action.

4. In her deposition, Kelley testified Cole left the firm representing the workers' compensation carrier as of January, 2000, when she tried to call him about settlement. At the hearing before the trial panel, on November 1, 2000, Kelley did not mention she told Doolin's firm she would contact Cole. She mentioned only that she believed the Doolin firm was handling the settlement of the case.

nothing since January, 2000, to pursue the settlement. That firm then contacted Fowler and handled the claim and settlement to completion. Kelley testified it was her understanding that Fowler was not harmed by Kelley's neglect of the case. She stated she believed the settlement was delayed three to four months because of her conduct.

¶ 5 Kelley's testimony and the Stipulations adopted by the Panel constitute clear and convincing evidence that (1) she was not diligent in her representation, in violation of ORPC 1.3; (2) that she did not keep Fowler reasonably informed about the matter, in violation of ORPC 1.4; and (3) she failed to expedite the litigation consistent with Fowler's interests, in violation of ORPC 3.2. Although Kelley stated her former law firm did not tell her of Fowler's telephone messages, Kelley knew she stopped contacting Fowler and admitted she never talked to her again after January, 2000. Although the subject of settlement had been raised, Kelley knew the settlement was not complete at the time she stopped communicating with Fowler. Fowler remained uninformed for several months about her pending claim with no communication from Kelley. The only attempts at communication between lawyer and client were made by Fowler. Even after learning of Fowler's inquiries and giving assurances to Leyja that she would conclude the settlement, Kelley did nothing to expedite the matter. Kelley's conduct shows neither diligence nor promptness in representing Fowler.

### COUNT II

¶ 6 On July 6, 2000, the OBA mailed a letter to Kelley at her official roster address, advising her of Fowler's grievance. The OBA asked her to write to Fowler within two weeks to answer the allegations in the grievance, and to send a copy of her response to the OBA. At that time, the OBA advised her it was being treated as an "informal grievance". The letter was not returned to the OBA, but Kelley did not communicate with Fowler.[5] On August 11, 2000, the OBA sent another letter to Kelley at the same address, asking her to disclose fully and fairly in writing within twenty days all relevant facts regarding Fowler's grievance. The OBA explained the matter was not opened for formal investigation. However, she was advised the failure to respond "shall be grounds for discipline." Kelley failed to respond to the OBA, and the letter was not returned.

¶ 7 The OBA sent a certified letter to Kelley on September 7, 2000, advising her this was its final request to respond to the grievance. Second and third notices of the letter, returned "unclaimed", were sent to Kelley. She was advised that failure to do so within five days "shall be grounds for discipline" and would force it to seek a subpoena duces tecum, requiring her testimony and production of relevant documents. Kelley failed to respond, and the PRT issued a subpoena for her deposition and production of documents on October 16, 2000. At her deposition, she admitted she failed to communicate with Fowler and that the Lawton firm had completed the settlement of her claim.

¶ 8 Kelley testified that in July, 2000, her OBA membership was suspended for nonpayment of Bar dues and the failure to comply with Mandatory Continuing Legal Education (MCLE) requirements. Her membership has since been reinstated, and she has had no other grievances filed against her. She stated she was receiving a great deal of mail with regard to the suspension at the time of Fowler's complaint. She stated she knew there were letters from the OBA at the post office for her. However, because she believed they pertained to the suspension, she did not pick them up. Finally, she was personally served with the subpoena.

¶ 9 Although times were difficult for Kelley because of her personal problems and suspension, her testimony and the Stipulations regarding Count II constitute clear and convincing evidence of her violation of RGDP 5.2, which provides that a lawyer's failure to

---

5. At the hearing on November 1, 2000, Kelley stated she knew of the informal complaint and responded to it. However, the record contains no evidence to support that statement. Stipulation number 27 provides that the Kelley did not communicate with Fowler or the OBA about the informal grievance.

respond within twenty days after service of the grievance "shall be grounds for discipline." She knew the OBA letters were waiting for her, but she chose not to inform herself of their contents. Her belief the letters pertained to the suspension is the only explanation she gave for not retrieving them.

## MITIGATION

¶ 10 After receiving the subpoena, Kelley appeared for a deposition and has been cooperative with the OBA. It appears to be undisputed that Fowler was not economically harmed by Kelley's neglect of her case. Kelley has received counseling for her personal problems and testified that she has made progress in that regard. She expressed her remorse several times during the November 1, 2000, hearing. She told the Panel that she no longer intends to practice law on a full-time basis. She is now the Dean of Education for Metropolitan College in Oklahoma City, where classes for court reporting, paralegal training and medical transcription are offered. She wants to resolve this disciplinary issue to be able to practice law on a part-time basis. She testified she absolutely will open her OBA mail in the future.

## DISCIPLINE

¶ 11 The Panel recommended discipline in the form of a private reprimand and the assessment of costs. However, in bar disciplinary cases, this Court exercises exclusive original jurisdiction as a licensing court, not as a reviewing tribunal. *State ex rel. Oklahoma Bar Association v. Brewer*, 1999 OK 101, 998 P.2d 605. This Court independently determines the appropriate discipline to be imposed. *Id.* Public censure or reprimand is an appropriate punishment when an attorney has neglected a legal matter without affirmative acts of harmful conduct against the client. *Id.*; *State ex rel. Oklahoma Bar Association v. Green*, 1997 OK 39, 936 P.2d 947. Moreover, a public reprimand was ordered appropriate discipline for the violation of RGDP 5.2 because a private reprimand would not set a sufficient example to other lawyers not to ignore Bar requests for information concerning grievances. See *State ex rel. Oklahoma Bar Association v. Simank*, 2001 OK 13, 19 P.3d 860.

¶ 12 Our *de novo* review persuades us that Kelley's conduct in this matter supports a public reprimand for the violations noted, rather than the private reprimand recommended by the Trial Panel of the PRT.

¶ 13 Respondent, Julie Anne Kelley, is accordingly hereby publicly reprimanded and is ordered to pay the costs of this proceeding in the amount of $355.73.

**RESPONDENT PUBLICLY REPRIMANDED AND ORDERED TO PAY COSTS.**

¶ 14 HARGRAVE, C.J., LAVENDER, OPALA, BOUDREAU, and WINCHESTER, JJ.—concur.

¶ 15 SUMMERS, J., with whom HODGES and KAUGER, JJ. join, dissenting.

SUMMERS, J., with whom HODGES and KAUGER, JJ. join, dissenting:

¶ 1 I would privately reprimand the respondent.