STATE of Oklahoma, ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,

v.

Craig W. McCOY, Respondent.

Nos. SCBD 4064, OBAD 1184.

Supreme Court of Oklahoma.

Feb. 27, 1996.

Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, for Complainant.

Respondent not appearing.

HARGRAVE, Justice.

Disciplinary proceedings have been instituted against the Respondent, Craig W. McCoy, OBA # 10180, on nine counts of professional misconduct. The Respondent never answered the complaints against him, or responded in any manner to the proceedings, despite having been given ample notice and opportunity. The Respondent did not appear at the hearing before the Professional Responsibility Tribunal, nor did he file a brief with this Court. The Trial Panel of the Professional Responsibility Tribunal recommended disbarment and the Oklahoma Bar Association urges us to accept the recommendation. The Respondent's utter disregard for the responsibilities placed on him as a lawyer and for the procedures of this Court leave us no alternative other than to accept the recommendation of the Professional Responsibility Tribunal and order Respondent's disbarment.

The first complaint filed against Respondent contained three counts arising from his representation in the Huskey matter, set out in more detail below. That complaint noted that Respondent previously had received a private reprimand by the Professional Responsibility Commission in OBAD 1161 for conduct involving misrepresentation, fraud and neglect. Six additional counts were lodged against Respondent by the filing of an amended complaint. The complaints lodged against respondent, along with the evidence adduced at the hearing and the Trial Panel's findings are set out below.

## COUNTS I, II, III

Ms. Huskey hired Respondent on a contingency basis to represent her on a personal injury claim arising out of an automobile accident. Respondent had worked on other cases for Ms. Huskey in the past, and represented her in her divorce. She was satisfied with his services in the earlier cases, and at the beginning of the present case. In mid-1993, Respondent became difficult to locate. Ms. Huskey finally was able to reach Respondent in November, 1993 and told him that she wanted to file her lawsuit if the insurance company was not ready to settle. In December, 1993, Respondent advised Huskey that the insurance company was ready to settle and asked if she would settle for $4,000.00. When she agreed, he said that he was in the process of working with the insurance company to reach a settlement. Nothing else happened and she never was able to reach Respondent. In July 1994, Ms. Huskey was informed by her medical insurance company that the statute of limitations had run. At this point she filed a complaint with the Bar Association. Ms. Huskey testified that she was personally liable for her property damage and medical expenses incurred in the accident. The complaint charged, and the Trial Panel found, that Respondent had violated Rules 1.4(a), 1.1, 1.3 and 8.4 of the Oklahoma Rules of Professional Conduct, and that Respondent violated Rule 5.2 Rules Governing Disciplinary Proceedings by his failure to make a written response to the charges filed against him after having been served with notice of the grievance.

## COUNT IV

Mr. Silk hired Respondent to represent him in his divorce case after discharging his first attorney, and paid Respondent approximately $1,000. Mr. Silk testified that he was acquainted with Respondent before hiring him. Respondent entered an appearance in the case and asked for a continuance. That was the last time the client had contact with Respondent. Respondent did not appear at the trial of the matter on January 17, 1995. The trial judge continued the case for one day so that Respondent could be contacted.

Respondent could not be contacted and did not appear on January 18. The hearing on the merits was continued until March 6, 1995, but Respondent still did not appear. Mr. Silk went to court alone and the judge appointed a public defender to represent him on a contempt issue. A divorce was granted. Mr. Silk testified that he could not hire another attorney because he already had borrowed money to pay the two previous attorneys, including Respondent. Respondent did not return any of client's money nor did he ever send client a statement. The Trial Panel found that Respondent violated Rules 1.4(a), 1.1, 1.3, 3.2 and 8.4 of the Oklahoma Rules of Professional Conduct, and Rule 5.2, Rules Governing Disciplinary Procedure.

## COUNT V

Lisa Milewski hired Respondent in a divorce matter and Respondent filed a petition for divorce on April 8, 1994. The attorney representing the husband testified that initially he was able to contact Respondent, but that sometime in the summer of 1994 he began to encounter difficulties. Respondent did not appear at the hearing on the merits in the divorce case on August 15, 1994, but did call and advise that he could not appear because of an accident involving his daughter. Approximately two weeks later Respondent appeared at his client's arraignment on a contempt citation in the case, at which time the hearing on the merits was reset for January 23, 1995. Respondent did not appear on January 23; the hearing was reset to January 24 so that Respondent could be located. Respondent could not be contacted and did not appear at the January 24 hearing on the merits. Mrs. Milewski appeared *pro se* and the divorce was granted. Subsequently Mrs. Milewski hired new counsel and a motion to vacate the divorce decree was filed. The Trial Panel found that Respondent violated Rules 1.1, 1.3 and 8.4, Oklahoma Rules of Professional Conduct and Rule 5.2, Rules Governing Disciplinary Proceedings.

With regard to the Silk and Milewski cases, an Oklahoma county deputy court clerk testified that the special judge notified the Bar of Respondent's repeated failure to appear at hearings, after numerous telephone calls and letters. The clerk testified that she saw Respondent in the courthouse and told him that the judge needed to speak with him. Respondent admitted that he had received letters and phone calls sent by the judge and said that he would be down to see the judge immediately after completing another hearing. Respondent did not contact the judge. The clerk testified that there had been no problems with Respondent until these two cases, when as she said: "Every time he came on the docket, he failed to appear."

## COUNT VI

On June 23, 1993, Marilyn Howes entered into a contingency fee contract with respondent and paid him $322.00 for expenses to represent her in a civil action against an automobile dealer. Respondent informed her by mail that a hearing was set for September 2, 1993, at which she need not be present. Howes and Respondent attended a deposition on October 13 and this was the last contact she had with Respondent. Howes finally called the assigned judge's office and learned that a hearing had been set in December, 1994, but was rescheduled to February 2, 1995 when Respondent failed to appear. Respondent likewise failed to appear on February 2nd, and Howes was informed by the court that her action would be dismissed if an attorney on her behalf did not contact the court within 30 days. The case was dismissed on March 3, 1995. The $322.00 for expenses has not been returned. Howes testified that Respondent did not return any of her records, including title to the automobile, and she was unable to prepare for trial or hire another attorney. The Trial Panel found that Respondent violated Rules 1.4(a), 1.1, 1.3 and 8.4, Oklahoma Rules of Professional Conduct, and Rule 5.2, Rules Governing Disciplinary Proceedings.

## COUNT VII

Heather McQueen paid Respondent $260 to represent her in a bankruptcy action. In March 1993, she paid him an additional $500 attorney's fee. In October 1994, Respondent told her that bankruptcy filing fees had risen so that he would need to collect additional

money from her. McQueen attempted for one year to contact Respondent. She did receive one returned call on her answering machine from Respondent on January 18, 1995, but never was able to reach Respondent. She never received a statement regarding any services performed on her behalf and, to her knowledge no bankruptcy petition ever was filed by Respondent because judgment was rendered against her by two creditors. The Trial Panel found that Respondent had violated Rules 1.4(a), 1.1, 1.3 and 8.4, Oklahoma Rules of Professional Conduct, and Rule 5.2, Rules Governing Disciplinary Procedure.

## COUNT VIII

Leroy T. Hooks testified that he hired Respondent in January, 1991 to pursue a workers' compensation claim for him, and shortly thereafter received a copy of a letter from Respondent to the State of Oklahoma Risk Management Claims Division giving notice of the claim. After that, Hooks received one other letter from Respondent, but otherwise was unable to reach him. Much later, Hooks received notice from the Risk Management Division that his claim had been denied on May 7, 1991. Respondent had been notified of the denial of the claim, but did nothing. The period during which an appeal could have been taken to district court elapsed with no action taken by Respondent. The Trial Panel found that Respondent violated Rules 1.4(a), 1.1, 1.3 and 8.4, Oklahoma Rules of Professional Conduct, and Rule 5.2, Rules Governing Disciplinary Procedure.

## COUNT IX

Rick Whisner, who knew Respondent socially, retained him in December, 1993 to represent him in defending an adversary complaint in bankruptcy court. Whisner paid Respondent $1,250. On April 21, 1994, the court ordered Respondent to file discovery responses by May 2, 1994, but Respondent did not file anything until June, 1994. A motion for summary judgment was filed by the attorney in the adversary proceeding. The court ordered Respondent to respond to a motion for summary judgment, but Respondent never responded to the motion.

Respondent failed to file a response to supplemental discovery, failed to appear for a scheduled deposition, failed to notify his client of the deposition and failed to contact opposing counsel or return his messages. The court instructed Respondent to appear for a status conference; he failed to appear, and failed to notify his client of the status conference. As a result, motions for summary judgment and default judgment were sustained and Whisner's bankruptcy discharge was denied on December 15, 1994. Respondent failed to respond to Whisner's requests to account for the retainer paid. The Trial Panel found that Respondent violated Rules 1.4(a), 1.1, 1.3 and 8.4 Oklahoma Rules of Professional Conduct and Rule 5.2, Rules Governing Disciplinary Proceedings.

## DISCUSSION

In each case, Respondent was found in violation of Rules 1.1, 1.4(a), 1.3 and 8.4 of the Oklahoma Rules of Professional Conduct. Rule 1.1 provides that a lawyer shall provide competent representation to a client, which representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation. Rule 1.4(a), which deals with communications between lawyer and client, provides that a lawyer shall keep a client reasonably informed about the status of a matter and shall promptly comply with reasonable requests for information. Rule 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client. Rule 8.4 provides that it is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct. In the Silk matter, Count IV, the Trial Panel found that Respondent had violated Rule 3.2, Rules of Professional Conduct, which provides that a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

In each case Respondent was found to have violated Rule 5.2, R.G.D.P. which provides that, upon receipt of notification of a grievance or investigation on the part of the Bar, a lawyer shall make a written response that contains a full and fair disclosure of all the facts and circumstances pertaining to the

lawyer's alleged misconduct, unless the lawyer's refusal to do so is predicated upon expressed constitutional grounds. Rule 5.2 provides that:

"The failure of a lawyer to answer within twenty (20) days after service of the grievance ... shall be grounds for discipline."

The private process server hired by the Bar testified that Respondent evaded service of process in this matter. The process server tried as many as thirty times to serve Respondent before she finally was able to personally serve him in August, 1995. Respondent has failed to respond in any manner to the charges levelled against him. Repeatedly he has failed to return messages left by the general counsel's office, and he failed to keep an appointment scheduled with the general counsel for the Bar. The Trial Panel's recommendation for enhanced discipline was due to Respondent's utter and complete failure to respond to the process of the investigation and disciplinary process, failing even to appear for the hearing. The Trial Panel found no factors in mitigation, and recommended that Respondent be disbarred and ordered to bear the costs of the proceeding. A copy of the Report of the Professional Responsibility Tribunal was mailed to the Respondent. Respondent has not filed a brief or otherwise responded.

■ Title 5 O.S.1991 § 13 grants to this Court the exclusive power and authority to discipline attorneys or revoke the permit to practice law granted to attorneys. The ultimate decision regarding what discipline to impose on an attorney rests with this Court after *de novo* review of the record. *State ex rel. OBA v. Butler*, 903 P.2d 872 (Okla.1995). In the case at bar, a review of the record reveals repeated instances of Respondent's disregard for his clients' cases and his clients' well-being, as well as his total indifference to the investigatory and disciplinary processes of this Court and the Oklahoma Bar Association. Respondent's ignoring his clients' repeated attempts to contact him, neglect of their cases, his failure to do legal work for which he was paid, bring discredit upon the legal profession, and form the basis for discipline. Rule 1.3, Rules Governing Disciplinary Proceedings, provides:

"The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all."

We have been given no indication that Respondent is suffering from any impairment, such as alcohol abuse. If there is some disability, Respondent has chosen not to raise the matter in mitigation. Several witnesses were asked if they knew of any explanation for Respondent's behavior. They did not. The deputy court clerk testified that when she saw Respondent in the courthouse he did not appear to be impaired. Having been offered no reasons in mitigation, we are constrained to impose the severest form of discipline.

Upon admission to the bar, an attorney takes an oath in open court to act in the office of attorney in this court according to his or her best learning and discretion, with all good fidelity to the court as well as to the client. Title 5 O.S.1991 § 2. A very early case, *State Bar Commission v. Sullivan*, 35 Okla. 745, 131 P. 703, 707 (1912), referring to the oath of office of an attorney, said:

"The oath which an attorney is required to take before being permitted to practice law in the courts of this state is not simply to be obedient to the Constitution and laws of the state, but to maintain at all times the respect due the courts of justice and judicial officers. (citations omitted) and for a violation of these duties an attorney may be suspended or disbarred."

Rule 6.4, Rules Governing Disciplinary Proceedings provides that a respondent shall file an answer with the Chief Justice within twenty (20) days after mailing of the complaint. In the event the respondent fails to answer, Rule 6.4 provides that the charges shall be deemed admitted, and that evidence shall be submitted for the purpose of determining the discipline to be imposed. The actions for which Respondent was charged have been admitted by failure to respond. A

hearing was held in the case at bar and thirteen witnesses testified. Evidence taken at the hearing established by clear and convincing evidence that Respondent's conduct violated the cited Oklahoma Rules of Professional Conduct, and that the Respondent wholly disregarded the disciplinary process and the orders of this Court.

Respondent made no effort in this proceeding to protect his license to practice law, or to save himself from imposition of the severest sanction, even after having been provided with the Trial Panel's recommendation of disbarment. Respondent himself leaves us no alternative but to impose the severest sanction. Respondent Craig McCoy is ordered disbarred and his name stricken from the roll of attorneys. Respondent is further ordered to pay the costs of the proceeding, in the amount of $1070.99, within thirty days of the date this opinion becomes final.

**RESPONDENT DISBARRED AND ORDERED TO PAY COSTS.**

All Justices concur.