2011 OK 90

**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Joe Richard PASSMORE II, Respondent.**

**SCBD No. 5745.**

Supreme Court of Oklahoma.

Oct. 25, 2011.

Gina L. Hendryx, General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

Respondent not appearing.

## OPINION

WATT, Justice:

¶1 Complainant, Oklahoma Bar Association (the Bar), filed a complaint pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2001, Ch. 1, App. 1–A,[1] against Respondent, Joe Richard Passmore, II, on March 25, 2011. The complaint contains six counts alleging, *inter alia,* that Respondent failed to represent his clients by discontinuing all contact with them. In each count of the complaint the Bar alleged Respondent failed to comply with its request to answer the allegations in the grievances filed by his clients. Additionally, the Bar alleged he neither responded to its subpoena requiring his attendance at a deposition at the Oklahoma Bar Center on December 20, 2010, nor communicated with the Bar regarding his absence. The Bar recommends suspending Respondent from the practice of law for two years and one day.

¶2 The Professional Responsibility Tribunal (PRT) held a hearing on May 26, 2011, at which Respondent also failed to appear, despite having been properly served with notice. The Report of the Trial Panel, issued on June 27, 2011, likewise recommended Respondent's suspension from the practice of law for two years and one day.

## THE COMPLAINT'S ALLEGATIONS

### Count I: The Broyles Grievance

¶3 The Bar alleges that Respondent entered his appearance on behalf of Leon and

---

1. Rule 6.1, RGDP, provides, in part:
   The proceeding shall be initiated by a formal complaint prepared by the General Counsel, approved by the Commission, signed by the chairman or vice-chairman of the Commission, and filed with the Chief Justice of the Supreme Court....

Sharon Broyles in Cleveland County, Oklahoma, on October 2, 2008. The Broyles were represented originally by Donald Easter, but the case was transferred to Respondent after Mr. Easter was appointed Special Judge in Oklahoma County. Respondent represented the Broyles through June, 2009, but then discontinued contact with them. Respondent failed to keep the Broyles informed about the status of their case. He failed to respond to their attempts to contact him and to their requests for the return of their file. The Bar mailed the Broyles' grievance to Respondent on October 6, 2010, instructing him to respond to the allegations within twenty days. He failed to respond to the grievance or to attend his deposition. It is alleged Respondent's actions constitute professional misconduct in violation of Rules 1.3,[2] 1.4,[3] 3.2 [4] and 8.4(d),[5] Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2001, Ch. 1, App. 3–A, and Rules 1.3 [6] and 5.2,[7] RGDP.

## Count II: The Wetherington Grievance

¶ 4 Jessica Wetherington hired Respondent on or about May 19, 2009, to represent her in a dispute with an automobile dealership. She paid him a retainer of $750.00 and advanced $312.00 for arbitration costs. Respondent told her he filed a request for arbitration and that a hearing was scheduled for December, 2009. No hearing took place, and Respondent failed to schedule a hearing. He also failed to respond to Wetherington's repeated requests for information about the status of the arbitration and to her requests for the return of her file. On October 18, 2010, the Bar mailed a copy of Wetherington's grievance to Respondent, directing him to respond within 20 days. He failed to respond to the grievance or to attend his deposition. The Bar alleges his actions constitute professional misconduct in violation of Rules 1.3, 1.4, 1.5 [8] and 8.4(c),[9] ORPC, and Rules 1.3 and 5.2, RGDP.

## Count III: The Wulf Grievance

¶ 5 Carla Wulf hired Respondent to file a case for her in Oklahoma County on or about May 1, 2009. She paid him a retainer of $1,000.00 and advanced costs of $212.00. Respondent filed the case on July 14, 2009, but it was dismissed without prejudice on August 4, 2010, because Respondent failed to respond to motions and failed to prosecute the case. Respondent stopped communicating with Wulf and has failed either to keep her informed about the status of the case or to respond to her requests for the return of her

---

**2.** Rule 1.3, ORPC, provides:

A lawyer shall act with reasonable diligence and promptness in representing a client.

**3.** Generally, Rule 1.4, ORPC, requires a lawyer to consult with the client about the client's objectives and to promptly inform the client of matters concerning the status of the case, including actions which require his consent, and any other relevant information known to the lawyer requiring explanation to permit the client to make informed decisions.

**4.** Rule 3.2, ORPC, provides:

A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

**5.** Rule 8.4(d), ORPC, provides:

It is professional misconduct for a lawyer to:
...
(d) engage in conduct that is prejudicial to the administration of justice.

**6.** Rule 1.3, RGDP, provides, in pertinent part:

The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action....

**7.** Rule 5.2, RGDP, provides, in part:

After making such preliminary investigation as the General Counsel may deem appropriate, the General Counsel shall ... (2) file and serve a copy of the grievance ... upon the lawyer, who shall thereafter make a written response which contains a full and fair disclosure of all the facts and circumstances pertaining to the respondent lawyer's alleged misconduct ... The failure of a lawyer to answer within twenty (20) days after service of the grievance ... shall be grounds for discipline....

**8.** Rule 1.5, ORPC, provides, in part:

(a) A lawyer shall not make an agreement for, charge or collect an unreasonable fee or an unreasonable amount for expenses....

**9.** Rule 8.4(c), ORPC, provides:

It is professional misconduct for a lawyer to:
...
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

file. The Bar mailed a copy of Wulf's grievance to Respondent on October 18, 2010, directing him to respond within twenty days. He failed to respond to the grievance or to attend his deposition. The Bar alleges that Respondent's actions constitute professional misconduct in violation of Rules 1.3, 1.4, 1.5, 3.2 and 8.4(d), ORPC, and Rules 1.3 and 5.2, RGDP.

### Count IV: The Bowers Grievance

¶ 6 Respondent entered his appearance on behalf of Ernest Rex Bowers on December 4, 2008, in a breach of contract action in Oklahoma County. Judge Don Easter had previously represented Bowers. Respondent sought leave to withdraw as Bowers' attorney on April 30, 2010. The Bar alleges Respondent failed to communicate with Bowers and failed to respond to requests to return his file. Bowers filed a grievance with the Bar, who mailed a copy of it to Respondent on October 15, 2010, directing him to respond to the allegations therein within twenty days. He failed to respond to the grievance or to attend his deposition. The Bar alleges his actions constitute professional misconduct in violation of Rules 1.4 and 8.4(d), ORPC, and Rules 1.3 and 5.2, RGDP.

### Count V: The Hogan Grievance

¶ 7 Frank and Pamela Hogan contracted with Respondent to file a suit for them in a civil matter on or about November 7, 2009, and paid him a retainer of $1,000.00. Respondent filed the suit in Oklahoma County on December 10, 2009. The Bar alleges he failed repeatedly to appear at motion hearings and was removed from the case for his failure to appear. He stopped all communication with the Hogans, failing to keep them informed of their case's status or to comply with their reasonable requests for information. He also failed to respond to their requests for the return of their file. On October 15, 2010, the Bar mailed a copy of the Hogans' grievance to Respondent with instructions to respond within twenty days to the allegations. He failed to respond to the grievance or to attend his deposition. The Bar alleges his actions constitute professional misconduct in violation of Rules 1.3, 1.4, 1.5, 3.2 and 8.4(d), ORPC, and Rules 1.3 and 5.2, RGDP.

### Count VI: The Phillips Grievance

¶ 8 Elmer Phillips contracted with Respondent on or about July 27, 2009, to represent him in a civil matter in Canadian County. Phillips advanced costs in the amount of $262.30. Respondent filed the suit on Phillips' behalf on July 31, 2009, but the case was dismissed without prejudice because of Respondent's failure to name the proper party defendant. Respondent failed to appear at the hearing on the motion to dismiss and did not file a responsive pleading to the motion. The Bar alleges he failed to provide competent representation to Phillips which resulted in the dismissal of his action. Respondent has stopped all communication with Phillips. He not only failed to inform Phillips of the case's status and to comply with his requests for information, but he also ignored Phillips' request for the return of his file. He further failed to respond to the allegations in the grievance. The Bar alleges Respondent's actions constitute professional misconduct in violation of Rules 1.1,[10] 1.3, 1.4 and 8.4(d), ORPC, and Rules 1.3 and 5.2, RGDP.

### EVIDENCE

¶ 9 The Bar's investigator, Tommy Clay Butler, testified that on October 14, 2010, Respondent changed his official roster address to 504 Southwest 155th Court, Oklahoma City, Oklahoma, his home address, from a previous office address, 228 Robert S. Kerr, Suite 34, Oklahoma City, Oklahoma.

¶ 10 The General Counsel Gina Hendryx presented evidence of proof of service of the complaint on the Respondent.[11] Additional-

10. Rule 1.1, ORPC, provides:

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.

11. Service of the complaint was made by certified mail, return receipt requested, to "Joe Richard Passmore" on March 25, 2011, and also to

ly, the General Counsel presented evidence, Exhibits 1–14, including copies of the written grievances completed and signed by Respondent's clients whose allegations are the basis for counts one through six. Also included were evidence of proof of service of subpoenas for his deposition and the Rule 6 hearing, as well as docket sheets showing entries of appearance and withdrawals as counsel by Respondent in certain cases. The exhibits were accepted into evidence by the trial panel.[12]

¶ 11 She also filed a Motion to Deem Allegations Admitted pursuant to Rule 6.4, RGDP. It provides:

> The respondent shall within twenty (20) days after the mailing of the complaint file an answer with the Chief Justice. The respondent may not challenge the complaint by demurrer or motion. **In the event the respondent fails to answer, the charges shall be deemed admitted,** except that evidence shall be submitted for the purpose of determining the discipline to be imposed. [emphasis added.]

The PRT granted the General Counsel's motion, finding service had been obtained on Respondent and that he had made no response.

## TRIAL PANEL REPORT

¶ 12 After reciting the evidence from the hearing, the trial panel of the PRT held, in part:

> In the instant case the Tribunal finds as a matter of law, that Mr. Passmore II, neglected and abandoned his clients. Respondent has committed professional misconduct in violation of Rules 1.1, 1.3, 1.4 and 8.4(d) ORPC and Rules 1.3 and 5.2, RGDP. Respondent's failure to respond to any allegations (sic) professional misconduct in violation of Rules 1.1, 1.3, 1.4 and 8.4(d) ORPC and Rules 1.3 and 5.2, RGDP.

Respondent's failure to respond to any allegations after proper notice by the OBA, shows no respect for his license, our profession or the public. This Trial Panel finds that discipline is warranted herein and recommends that the Respondent be suspended from the practice of law for two years and a day.

¶ 13 We notice the PRT makes no mention of the alleged violations of Rule 1.5, ORPC, regarding the charge of an unreasonable fee. In counts 2, 3 and 5 of the Bar's complaint against Respondent, the Bar alleged Respondent collected attorney fees but failed to do the agreed work or to refund the fee to his clients, in violation of Rule 1.5, ORPC. However, in the panel's report, no mention of a Rule 1.5 violation is made, and we have not been advised by the Bar that it withdrew its allegations of misconduct under Rule 1.5, ORPC, or that Respondent returned the unearned fees to his clients in Counts 2, 3 and 5.

■ ¶ 14 Rule 1.5(a), ORPC, provides "[a] lawyer shall not make an agreement for, charge or collect an unreasonable fee or an unreasonable amount for expenses." The Comment to Rule 1.5 provides, under Terms of Payment, that [a] lawyer "may require advance payment of a fee, **but is obliged to return any unearned portion.**" [emphasis added]. It is undisputed that Respondent failed to perform the duties he agreed to perform for his clients in Counts 2, 3 and 5 after accepting advance payments of attorney fees and costs. We held in *State ex rel. Oklahoma Bar Association v. Sheridan,* 2003 OK 80, 84 P.3d 710 that the inability to produce tangible evidence of any work performed for his client and the failure to return the unearned fee was a violation of Rule 1.5, ORPC. We, therefore, find that, in addition to the rules violations cited by the PRT in its

---

"Joe Richard Passmore II," on March 28, 2011. Both were sent to 504 S.W. 155th Ct., Oklahoma City, OK 73170–7519, his official OBA roster address. The first copy of the complaint mailed was signed for on March 26, 2011, by "Joe Passmore." The second copy of the complaint was signed for on March 29, 2011, by "K. Passmore."

**12.** The Bar's investigator testified that his investigation showed Respondent had been arrested for, and pled guilty to, a DUI, for which he received a deferred sentence and probation. It occurred in August, 2010, after the time in which the cases with which we are concerned in this proceeding were filed. The record contains no evidence that alcohol or substance abuse contributed to the misconduct at issue here.

report, Respondent also violated Rule 1.5(a), ORPC.

## STANDARD OF REVIEW

¶ 15 In bar disciplinary matters, this Court exercises its constitutional, non-delegable power to regulate the practice of law and the ethics, licensure, and discipline of its practitioners. *State ex rel. Oklahoma Bar Association v. Whitebook,* 2010 OK 72, 242 P.3d 517; *Matter of Reinstatement of Munson,* 2010 OK 27, 236 P.3d 96. The Bar must present clear and convincing evidence that the accused lawyer violated the lawyer's ethical rules. *State ex rel. Oklahoma Bar Association v. Whitworth,* 2008 OK 22, 183 P.3d 984. This Court decides whether misconduct has occurred and, if so, the appropriate discipline to be imposed. *State ex rel. Oklahoma Bar Association v. Todd,* 1992 OK 81, 833 P.2d 260. In this Court's *de novo* review, we are not bound by the PRT's findings of fact, its view of the evidence, its view of the credibility of witnesses, or its recommendations of discipline. *Matter of Reinstatement of Mumina,* 2009 OK 76, 225 P.3d 804, 808–809; *Whitworth,* 2008 OK 22 at ¶ 5, 183 P.3d at 988.

¶ 16 In the present case, the evidence clearly and convincingly shows that Respondent literally abandoned his clients and their legal matters. Moreover, his failure to respond to their requests to return their case files created hardships and delays in their cases, as well as the need to seek new counsel. Unsure how to proceed, they turned to the Bar for answers. However, Respondent provided the Bar with no greater assistance than he gave to his clients.

## DISCIPLINE

¶ 17 The Bar argues discipline of two years and one day should be imposed, citing our case of *State ex rel. Oklahoma Bar Association v. Whitebook, supra.* The Bar contends this case and *Whitebook* are similar in that

the Respondent failed to communicate with his clients and with the Bar, despite having been notified of every stage of the proceeding and the charges against him. We found he did not choose to avail himself of the opportunities that were afforded him to be heard except his attendance at one deposition. Whitebook received a suspension from the practice of law for two years and one day, and the Bar urges the same discipline is appropriate in the present case.

¶ 18 A suspension of two years and one day is tantamount to a disbarment in that the suspended lawyer is required to follow the same procedures for readmittance as a disbarred lawyer in reinstatement proceedings under Rule 11.1, RGDP, 5 O.S.2001, Ch. 1, App. See *State ex rel. Oklahoma Bar Association v. Pacenza,* 2006 OK 23, 136 P.3d 616, n. 71. An applicant for reinstatement must show affirmatively that, if the suspension from practice is removed, his or her conduct will conform to the high standards required of a member of the Bar. The burden of proof by clear and convincing evidence is on the applicant who will be required to present stronger proof of qualifications than an applicant seeking admission for the first time. The proof presented must be sufficient to overcome this Court's former judgment adverse to the applicant. Rule 11.4, RGDP, 5 O.S.2001, Ch. 1, App. 1–A.[13]

¶ 19 We find this case to be more factually similar to the case of *State ex rel. Oklahoma Bar Association v. McCoy,* 1996 OK 27, 912 P.2d 856, in which disbarment was ordered. In that case, also, the respondent did not reply to his clients or to the Bar. He did not attend his deposition or his hearing, although he clearly received notice. The Court stated:

> The Respondent never answered the complaints against him, or responded in any manner to the proceedings, despite having been given ample notice and opportunity. The Respondent did not appear at the hearing before the Professional Responsibility Tribunal, nor did he file a brief with

---

13. Rule 11.4, RGDP, provides in part:
   [T]he burden of proof, by clear and convincing evidence, in all such reinstatement proceedings shall be on the applicant. **An applicant seeking such reinstatement will be required to present stronger proof of qualifications than one seeking admission for the first time.** The proof presented must be sufficient to overcome the Supreme Court's former judgment adverse to the applicant.... [emphasis added.]

this Court. The Trial Panel of the Professional Responsibility Tribunal recommended disbarment and the Oklahoma Bar Association urges us to accept the recommendation. The Respondent's utter disregard for the responsibilities placed on him as a lawyer and for the procedures of this Court leave us no alternative other than to accept the recommendation of the Professional Responsibility Tribunal and order Respondent's disbarment.

1996 OK 27 at ¶ 1, 912 P.2d at 857.

■ ¶ 20 Although the PRT recommended disbarment in *McCoy*, and two years and one day in this case, the facts in the two cases are similar enough to warrant the same discipline in this case. Moreover, under our *de novo* standard of review, this Court is not bound by the recommendations of discipline of the PRT. *Whitworth, supra,* 183 P.3d at 988; *Todd, supra,* 833 P.2d at 262.

¶ 21 We also find in this case Respondent's "utter disregard" for his responsibilities as a lawyer and for the procedures of this Court. Respondent completely ignored the best interests of his clients and the disciplinary procedures used by the Bar to protect the public from lawyers who fail to act diligently on their clients' behalf. Instead of accepting the recommended suspension of two years and one day, we find that disbarment is the appropriate discipline for Respondent.

## APPLICATION TO ASSESS COSTS

■ ¶ 22 The Bar filed an Application to Assess Costs, pursuant to Rules 6.13 [14] and 6.16,[15] RGDP, 5 O.S.2001, Ch.1, App. 1–A, in the amount of $1,057.41 against Respondent for the expenses incurred in this disciplinary proceeding. The expenses for which reimbursement is requested relate to postage and mailing expenses, transcript expenses for the deposition and hearing, and mileage and related expenses incurred by the three PRT members to attend the hearing on May 26, 2011, in Oklahoma City. The application is granted.

## CONCLUSION

¶ 23 Respondent is disbarred from the practice of law. Respondent is directed to comply with Rule 9.1, RGDP,[16] to notify his "clients having legal business then pending within twenty (20) days, by certified mail of the lawyer's inability to represent them and the necessity for promptly retaining new counsel." He must also file a formal withdrawal as counsel in any cases pending in any tribunal and must file an affidavit with the PRC and the Clerk of the Supreme Court stating his compliance with Rule 9.1. Respondent is further directed to pay the Bar its costs in this proceeding in the amount of $1,057.41, within ninety (90) days of the date of this opinion. He may seek reinstatement pursuant to Rule 11, RGDP, no earlier than five years from the date of this opinion. As a precondition to reinstatement, he will be required to demonstrate total compliance with Rule 11, including the satisfaction of any claims that may be made against the Client

14. Rule 6.13, RGDP, 5 O.S.2001, Ch. 1, App. 1–A, Report by Trial Panel, requires the trial panel to include in its report a recommendation as to whether the costs of the investigation, record and proceedings should be imposed on the respondent. However, the Trial Panel Report submitted did not contain such a recommendation.

15. Rule 6.16, RGDP, provides for reimbursement, where discipline results, to the Oklahoma Bar Association of the costs advanced for the proceeding. Allowed costs, including the costs of the investigation, the record, and disciplinary proceedings, shall be surcharged against the disciplined lawyer.

16. 9.1. Notice to Clients; List of Other Bars to Which Admitted.
   When the action of the Supreme Court becomes final, a lawyer who is disbarred or suspended, or who has resigned membership pending disciplinary proceedings, must notify all of the lawyer's clients having legal business then pending within twenty (20) days, by certified mail, of the lawyer's inability to represent them and the necessity for promptly retaining new counsel ... The lawyer must file, within twenty (20) days, an affidavit with the Commission and with the Clerk of the Supreme Court stating that the lawyer has complied with the provisions of this Rule, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a condition precedent to any petition for reinstatement.

Security Fund, if applicable. See Rule 11.1(b), RGDP.

¶ 24 **DISBARMENT ORDERED; RESPONDENT ORDERED TO PAY COSTS.**

TAYLOR, C.J., COLBERT, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, REIF, COMBS, JJ.—concur.

GURICH, J.—not participating.