**2015 OK 40**

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION Complainant,**

v.

**Ken Dale KERR, Jr., Respondent.**

**No. SCBD–6222.**

Supreme Court of Oklahoma.

June 8, 2015.

### ORDER OF DISBARMENT

¶ 1 On December 8, 2014, the Oklahoma Bar Association (Bar Association), filed a complaint in this Court against the respondent, Ken Dale Kerr, Jr., (Kerr) alleging five count of misconduct. The respondent has never answered complaint, nor has he participated in the disciplinary proceeding, nor filed anything in this Court. The disciplinary proceedings, and all five counts of misconduct concern the respondent's mishandling client's bankruptcy cases and funds and his failure to communicate with clients and to the Bar Association.

¶ 2 The respondent was previously suspended from the Oklahoma Bar Association for non payment of dues and failure to comply with required continuing education and remains suspended. A disciplinary hearing was held on January 15, 2015. Because the respondent has not participated, the Bar Association seeks to have the allegations against him be deemed admitted pursuant to Rule 6.4 of Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App. 1–A. The respondent's disciplinary proceedings demonstrate that disbarment is warranted. *State ex rel. Okla. Bar Ass'n v. Rowe,* 2012 OK 88, 288 P.3d 535; *State ex rel. Okla. Bar Ass'n v. Passmore,* 2011 OK 90, 264 P.3d 1238; and *State ex rel. Okla. Bar Ass'n v. McCoy,* 1996 OK 27, 912 P.2d 856.

¶ 3 THE COURT FINDS:

1. The respondent was previously suspended from the Oklahoma Bar Association for non payment of dues and that suspension remains effective.

2. The respondent has not responded to the complaint filed against him or participated in any stage of these proceedings.

3. A disciplinary hearing was held on January 15, 2015. Because the respondent has not participated, the Bar Association seeks to have the allegations against him be deemed admitted pursuant to Rule 6.4 of Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1–A. Pursuant to Rule 6.4, they are deemed admitted.

4. The Bar Association has proven by clear and convincing evidence that the respondent has violated Rules 1.1, 1.3, 1.4, 1.5, 8.1(b), 8.4 of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011 Ch. 1, App. 3–A, and Rules 1.3 and 5.2 of the Rules Governing Disciplinary Proceedings, 5 O.S.2011 Ch. 1, App. 1–A.

5. The respondent's disciplinary proceedings demonstrate that disbarment is warranted. *State ex rel. Okla. Bar Ass'n v. Rowe,* 2012 OK 88, 288 P.3d 535; *State ex rel. Okla. Bar Ass'n v. Passmore,* 2011 OK 90, 264 P.3d 1238; and *State ex rel. Okla. Bar Ass'n v. McCoy,* 1996 OK 27, 912 P.2d 856.

6. The official roster address of the respondent as shown by the Oklahoma Bar Association is: P.O. Box 720123, Oklahoma City, Oklahoma 73172.

7. The respondent did not reply to the show cause order issued by the Court on April 13, 2015, to explain why he should not be disbarred.

¶ 4 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Ken Dale Kerr, Jr., is disbarred from the Oklahoma Bar Association and is no longer licensed to practice law in Oklahoma.

¶ 5 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Ken Dale Kerr, Jr., name be stricken from the roll of attorneys. The respondent may not make an application for reinstatement prior to the expiration of 5 years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App. 1–A, the respondent shall notify all of his clients, if any, having legal business pend-

ing with him within 20 days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. The Bar Association is awarded costs of $1328.53 in this proceeding which are due within 10 days of the filing of this order.

¶ 6 ALL JUSTICES CONCUR.