OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. PARKER

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. PARKER
2015 OK 65
Case Number: SCBD-6236
Decided: 10/13/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 65, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
STEPHEN S. PARKER, Respondent.

RULE 6 BAR DISCIPLINARY PROCEEDING

¶0 The Oklahoma Bar Association filed a complaint against Stephen S. Parker alleging three counts of unprofessional conduct concerning neglect of client matters, failure to keep clients informed, failure to respond to the grievances, and refusal to return files or refund unearned client fees. The trial panel of the Professional Responsibility Tribunal concluded that respondent violated Rules 1.1, 1.3, 1.4, 1.5, 1.16, and 8.4(c) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. Supp. 2011, Ch. 1, App. 3-A, as well as Rules 1.3 and 5.2 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. 2011, Ch. App. 1-A. Following a hearing, at which respondent failed to appear, presentation of evidence, and testimony of witnesses, the Professional Responsibility Tribunal filed its report recommending that respondent be suspended from the practice of law for two years and one day.

RESPONDENT IS DISBARRED; ORDERED TO PAY COSTS

Tommy Humphries, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.
Respondent not appearing.

OPINION

WATT, Justice:

¶1 On February 12, 2015, complainant, Oklahoma Bar Association, filed a complaint pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. 2011, Ch. 1, App. 1-A,[1] against respondent Stephen S. Parker. The complaint contains three (3) counts of professional misconduct alleging respondent's failure to represent his clients and failure to communicate with them. The Bar Association alleged that respondent failed to comply with its requests for responses to the grievances. Furthermore, respondent failed to respond to a subpoena requiring his appearance for a deposition at the Oklahoma Bar Center on September 5, 2014. Respondent did not appear at the scheduled deposition. On February 13, 2015, complainant filed a motion to deem allegations admitted. On March 26, 2015, the Professional Responsibility Tribunal entered its order granting the motion.

¶2 On March 26, 2015, a hearing was held before the PRT wherein complainant presented evidence and six witnesses provided testimony. Although respondent was given sufficient notice of this hearing, he failed to notify the Bar concerning his attendance nor did he make an appearance.

¶3 On May 19, 2015, the Report of the PRT was filed and recommended that respondent be suspended from the practice of law for two years and one day, and that respondent be charged the costs of the proceeding.

THE COMPLAINT'S ALLEGATIONS

COUNT I: THE PRINCE GRIEVANCE

¶4 Complainant, Oklahoma Bar Association alleges that on July 18, 2013, Respondent was paid $1,000 to represent Dylan Prince ("Prince") in a child support matter. On July 25, 2013, respondent and Mr. Prince appeared together at a Department of Human Services (DHS) child support hearing. Respondent requested a continuance of the DHS hearing in order to move the proceeding to district court. Following the hearing, respondent failed to communicate with Mr. Prince. He did not file an action in district court, did not provide Mr. Prince an accounting or return any unearned fees, and did not withdraw from the DHS proceeding.

¶5 On April 15, 2014, Prince filed a grievance with the Office of the General Counsel. On April 29, 2014, complainant mailed Mr. Prince's grievance to respondent and a response was requested within twenty (20) days. No response was received. Therefore, on June 18, 2014, complainant sent a certified letter to respondent requesting a response to the Prince grievance within five (5) days. A written response was never received from respondent.

¶6 On July 18, 2014, in an effort to speak to respondent, the Oklahoma Bar Association investigators made an appearance at respondent's law office. After being told that he had just left the office, the investigators also left. Shortly thereafter, they saw respondent on the street in front of his office building. The investigators stopped respondent and briefly talked to him. Respondent stated that he would meet with the investigators later that same day at the Office of the General Counsel. That afternoon, respondent did meet with the investigators and Assistant General Counsel Tommy Humphries at the Oklahoma Bar Center. Discussion was had concerning two pending grievances and respondent's alleged problems with his office sharing arrangement, which he explained was his reason for frequently being away from his office. When asked, respondent denied substance abuse or any mental health issues. He agreed to respond in writing to the Prince grievance within a few days but did not comply. A subpoena to appear at a deposition set for September 5, 2014, was served on respondent personally. On the morning of the scheduled deposition, respondent called the Bar's investigator and stated he could not appear for the deposition due to scheduled court appearances. Despite several attempts to contact respondent to reschedule the deposition, the investigator was unable to reach him. Respondent wholly failed to provide the Office of the General Counsel any communication in writing or otherwise in regard to the Prince grievance. The Bar Association alleged that respondent's actions constitute professional misconduct in violation of Rules 1.1,[2] 1.3,[3] 1.4,[4] 1.5,[5] 1.16,[6] and 8.4(c),[7] ORPC and Rule 1.3[8] and 5.2,[9] RGDP, and warrants the imposition of professional discipline.

COUNT II: THE SCULLY GRIEVANCE

¶7 On February 3, 2014, James Scully ("Scully") paid respondent $2,000 to represent his step-son, Bryce Hearn ("Hearn"), in a municipal criminal matter in Midwest City and a criminal matter in Oklahoma County. In their initial meeting, respondent indicated he would visit Hearn in the Midwest City jail. By February 11, 2014, respondent had failed to visit with or communicate with Scully or Hearn. On February 11, 2014, Scully returned to respondent's law office and met with respondent. Respondent assured Scully that he would visit Hearn in jail as soon as possible. Respondent also told Scully that if his step-son was transferred to Oklahoma County jail, to notify him immediately. On February 12, 2014, Hearn was transferred to Oklahoma County jail. Over the next two days, Scully attempted to contact respondent five (5) times by phone without success. On February 13, 2014, Scully terminated respondent's services by e-mail and requested a refund. Respondent failed to respond to Mr. Scully, he did not communicate with his client, and he did not account for or return any unearned fees to his client.

¶8 On May 2, 2014, Scully filed a grievance against respondent. On May 6, 2014, complainant mailed Mr. Scully's grievance to respondent and a response was requested within twenty (20) days. No response was received. Therefore, on June 3, 2014, complainant sent a certified letter to respondent requesting a response to the Scully grievance within five (5) days. A written response was never received from respondent. On June 18, 2014, the investigations of the Prince and Scully grievances were consolidated.

¶9 On July 18, 2014, at the meeting between respondent, the Oklahoma Bar Association investigators, and the Assistant General Counsel at the Oklahoma Bar Center, the Scully grievance was discussed along with the Prince grievance. The Bar Association alleged that respondent's actions constitute professional misconduct in violation of Rules 1.1, 1.3, 1.4, 1.5, 1.16, and 8.4(c), ORPC and Rule 1.3 and 5.2 RGDP, and warrant the imposition of professional discipline.

COUNT III: THE FLETCHER GRIEVANCE

¶10 On April 25, 2013, James Fletcher ("Fletcher") hired respondent to represent him in a criminal matter in McClain County, Oklahoma, and another criminal matter in Canadian County, Oklahoma, and initially paid him $3,000. On January 1, 2014, Fletcher paid respondent an additional $3,000, the agreed amount to handle Fletcher's case through trial, if necessary.

¶11 From May 7, 2013 to March 3, 2014, a preliminary hearing was held or continued eight (8) times by respondent. Fletcher lived in Oklahoma City but worked in New Mexico. On two occasions, Fletcher traveled from New Mexico to Oklahoma to find his hearing was continued without notice from respondent.

¶12 On March 3, 2014, Fletcher's case was set for disposition on April 17, 2014. On April 21, 2014, respondent appeared in person and advised the court he had a conflict on April 17, 2014, which was the reason he did not appear on that date. The matter was reset for disposition on May 15, 2014. On May 15, 2014, the matter was struck and reset for July 10, 2014. Fletcher attempted to contact respondent several times in June 2014, without success. In late June 2014, respondent left Fletcher a message to appear for the July 10, 2014 hearing.

¶13 On July 10, 2014, Fletcher appeared in court but respondent did not. Judge Jeff Virgin attempted to contact respondent without success and Judge Virgin withdrew respondent from representing Fletcher and the matter was reset to September 18, 2014.

¶14 Respondent failed to communicate adequately with Fletcher during the course of his representation, failed to represent Fletcher competently and diligently by missing court appearances, and failed to account for and return any unearned fees to his client.

¶15 On August 20, 2014, Fletcher filed a grievance with the Office of the General Counsel. On September 11, 2014, complainant advised respondent of the Fletcher grievance and requested a response within twenty (20) days pursuant to Rule 5.2, RGDP. Respondent failed to respond as requested.

¶16 On October 3, 2014, complainant sent a certified letter to respondent requesting a response to the Fletcher grievance within five (5) days. A written response was never received from respondent. The return receipt indicated the letter was received by Katie Denton, an employee in respondent's office, on October 7, 2014. The Bar Association alleges that respondent's actions constitute professional misconduct in violation of Rules 1.1, 1.3, 1.4, 1.5, 1.16 and 8.4 (c), ORPC, and Rule 1.3 and 5.2, RGDP, and warrants the imposition of professional discipline.

ENHANCEMENT

¶17 On September 28, 2012, respondent received a private reprimand by the Professional Responsibility Tribunal for his failure to timely respond to a grievance filed by Alfred H. Smith on December 13, 2011, in violation of Rule 5.2, RGDP.

STANDARD OF REVIEW

¶18 This Court has exclusive original jurisdiction over Bar disciplinary matters. State ex rel. Oklahoma Bar Association v. Funk, 2005 OK 26, ¶3. 114 P.3d 427, 430. Our standard of review is de novo in determining if the Bar Association proved its allegations or misconduct by clear and convincing evidence. Findings of fact and conclusions of law by the Trial Panel are advisory, rather than binding. Protecting the public and purification of the Bar are the primary purpose of disciplinary proceedings rather than punishment of the offending attorney. State ex rel. Oklahoma Bar Association v. Bellamy, 2012 OK 20, ¶8. 273 P.3d 56, 61-62.

¶19 We stated the following in State ex rel. Oklahoma Bar Association v. Passmore, 2011 OK 90, ¶16. 264 P.3d 1238, 1243, which is equally applicable here:

In the present case, the evidence clearly and convincingly shows that Respondent literally abandoned his clients and their legal matters. Moreover, his failure to respond to their requests to return their case files created hardships and delays in their cases, as well as the need to seek new counsel. Unsure how to proceed, they turned to the Bar for answers. However, Respondent provided the Bar with no greater assistance than he gave to his clients.

On every occasion, respondent was given sufficient notice of the grievance filed and opportunities to respond and appear to present a defense. Respondent failed to provide any explanation to the Oklahoma Bar Association or this Court regarding his lack of communication or commitment to represent his clients. Respondent abandoned his clients and created intolerable suffering on each of them.

DISCIPLINE

¶20 The Bar has recommended discipline in this case of a minimum of two years and one day. We find this case to be factually similar to State of Oklahoma, ex rel. Oklahoma Bar Association v. Passmore, 2011 OK 90, 264 P.3d 1238 and State ex rel. Oklahoma Bar Association v. McCoy, 1996 OK 27, 912 P.2d 856. In both cases, the Respondents completely failed to respond to their clients' needs and to the inquiries from the Bar during the investigations of their respective grievances. In Passmore, the Bar recommended two years and one day, and in McCoy, it recommended disbarment as the proper discipline. We ordered the disbarment of McCoy, and because the facts were similar in both cases, we ordered the disbarment of Respondent Passmore. We quoted from McCoy [OK 27, ¶1, 912 P.2d at 857], in Passmore, finding the facts in both cases similarly egregious:

[T]he Respondent never answered the complaints against him, or responded in any manner to the proceedings, despite having been given ample notice and opportunity. The Respondent did not appear at the hearing before the Professional Responsibility Tribunal, nor did he file a brief with this Court. The Trial Panel of the Professional Responsibility Tribunal recommended disbarment and the Oklahoma Bar Association urges us to accept the recommendation. The Respondent's utter disregard for the responsibilities placed on him as a lawyer and for the procedures of this Court leave us no alternative other than to accept the recommendation of the Professional Responsibility Tribunal and order Respondent's disbarment.

Passmore, 2011 OK 90, ¶19, 264 P.3d at 1243-1244.

¶21 Because of the similarity of the facts in this case with those in the above-cited cases, we find disbarment to the appropriate discipline in this case.

COSTS

¶22 The Bar Association filed its Application to Assess Costs in this matter pursuant to Rules 6.3 and 6.16, RGDP, in the amount of $1,464.47. The application is granted.

CONCLUSION

¶23 Respondent Stephen S. Parker is disbarred from the practice of law. He is ordered to pay costs in the amount of $1,464.47 within ninety (90) days of the date of this opinion.

RESPONDENT DISBARRED; ORDERED TO PAY COSTS.

ALL JUSTICES CONCUR

FOOTNOTES

[1] Rule 6.1, RGDP, provides, in part:

The proceeding shall be initiated by a formal complaint prepared by the General Counsel, approved by the Commission, signed by the chairman or vice-chairman of the Commission, and filed with the Chief Justice of the Supreme Court.

[2] Rule 1.1, ORPC, provides:

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.

[3] Rule 1.3, ORPC, provides:

A lawyer shall act with reasonable diligence and promptness in representing a client.

[4] Generally, Rule 1.4, ORPC, requires:

a lawyer to consult with the client about the client's objectives and to promptly inform the client of matters concerning the status of the case, including actions which require his consent, and any other relevant information known to the lawyer requiring explanation to permit the client to make informed decisions.

[5] Rule 1.5, ORPC, provides, in part:

(a) A lawyer shall not make an agreement for, charge or collect an unreasonable fee or an unreasonable amount for expenses. . . .

[6] A lawyer should not accept representation in a matter unless it can be performed competently, promptly, without improper conflict of interest and to completion. Ordinarily, a representation in a matter is completed when the agreed-upon assistance has been concluded.

Rule 1.16, ORPC, cmt. [1].

[7] Rule 8.4, ORPC, provides, in part:

It is professional misconduct for a lawyer to:

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . .

[8] Rule 1.3, RGDP, provides, in pertinent part:

The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action . . .

[9] Rule 5.2, RGDP, provides, in part:

After making such preliminary investigation as the General Counsel may deem appropriate, the General Counsel shall . . . (2) file and serve a copy of the grievance . . . upon the lawyer, who shall thereafter make a written response which contains a full and fair disclosure of all the facts and circumstances pertaining to the respondent lawyer's alleged misconduct . . . The failure of a lawyer to answer in twenty (20) days after service of the grievance . . . shall be grounds for discipline . . .






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2005 OK 26, 114 P.3d 427, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. FUNK
Discussed
 1996 OK 27, 912 P.2d 856, 67 OBJ 786, State ex rel. Oklahoma Bar Assn. v. McCoy
Discussed
 2011 OK 90, 264 P.3d 1238, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. PASSMORE
Discussed at Length
 2012 OK 20, 273 P.3d 56, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BELLAMY
Discussed