OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MINKS

 

 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MINKS
2018 OK 92
Case Number: SCBD-6644
Decided: 12/03/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 92, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION Complainant,
v.
STEVEN PAUL MINKS Respondent.

ORDER OF DISBARMENT

Â¶1 On March 29, 2018, the Oklahoma Bar Association (Bar Association), filed a complaint in this Court in OBAD #2178 against the respondent, Steven Paul Minks alleging multiple counts of criminal convictions, and misconduct. The respondent has never answered complaint, nor has he participated in the disciplinary proceeding, nor filed anything in this Court. The disciplinary proceedings, and all the misconduct concern the respondent's mishandling client's cases and funds, his failure to communicate with clients and to the Bar Association, and failure to appear on behalf of clients in trial court proceedings.

Â¶2 The respondent was previously suspended from the Oklahoma Bar Association in an order of immediate interim suspension on May 7, 2018. A disciplinary hearing was held on July 25, 2018. Because the respondent has not participated, the Bar Association seeks to have the allegations against him be deemed admitted pursuant to Rule 6.4 of Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A. The respondent's disciplinary proceedings demonstrate that disbarment is warranted. State ex rel. Okla. Bar Ass'n v. Rowe, 2012 OK 88, 288 P.3d 535; State ex rel. Okla. Bar Ass'n v. Passmore, 2011 OK 90, 264 P.3d 1238; and State ex rel. Okla. Bar Ass'n v. McCoy, 1996 OK 27, 912 P.2d 856.

Â¶3 THE COURT FINDS:

1. The respondent was previously suspended from the Oklahoma Bar Association in an immediate interim suspension which remains effective, but is immediately lifted in lieu of disbarment.

2. The respondent has not responded to the complaint filed against him or participated in any stage of these proceedings.

3. A disciplinary hearing was held on July 25, 2018. Because the respondent has not participated, the Bar Association seeks to have the allegations against him be deemed admitted pursuant to Rule 6.4 of Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A. Pursuant to Rule 6.4, they are deemed admitted.

4. The Bar Association has proven by clear and convincing evidence that the respondent has violated Rules 1.1, 1.3, 1.4, 1.5, and 1.15 of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011 Ch. 1, App. 3-A, and Rule 1.3 of the Rules Governing Disciplinary Proceedings, 5 O.S. 2011 Ch. 1, App. 1-A.

5. The respondent's disciplinary proceedings demonstrate that disbarment is warranted. State ex rel. Okla. Bar Ass'n v. Rowe, 2012 OK 88, 288 P.3d 535; State ex rel. Okla. Bar Ass'n v. Passmore, 2011 OK 90, 264 P.3d 1238; and State ex rel. Okla. Bar Ass'n v. McCoy, 1996 OK 27, 912 P.2d 856.

6. The official roster addresses of the respondent as shown by the Oklahoma Bar Association are: 404 Dewey Avenue, Poteau, OK 74953 and 1400 West George Street, Pocola, OK 74902.

7. The respondent did not reply to the order issued by the Court on October 15, 2018, allowing respondent extra time to file an answer brief and/or answer the complaint.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Steven Paul Minks, is disbarred from the Oklahoma Bar Association and is no longer licensed to practice law in Oklahoma.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Steven Paul Minks, name be stricken from the roll of attorneys. The respondent may not make an application for reinstatement prior to the expiration of 5 years from the date of this order and must show that he has reimbursed the $1500.00 and the $2500.00 in unearned fees owed to clients. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A, the respondent shall notify all of his clients, if any, having legal business pending with him within 20 days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. The Bar Association is awarded costs of $2,868.82 in this proceeding which are due within 10 days of the filing of this order.

DONE BY ORDER OF THE SUPREME COURT THIS 3rd DAY OF DECEMBER, 2018.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

Â