2001 OK 13

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Edmund Dow SIMANK, II, Respondent.**

**No. SCBD–4519.**

Supreme Court of Oklahoma.

Feb. 6, 2001.

Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, Attorney for Complainant.

Gary A. Rife, Oklahoma City, OK, Attorney for Respondent.

## OPINION

WATT, Vice Chief Justice.

### STATEMENT OF THE CASE

¶ 1 On January 18, 2000 the Office of the General Counsel of the Oklahoma Bar Association filed a seven-count complaint against Respondent Edmund Dow Simank, II.

¶ 2 On April 27, 2000 a hearing was held on the merits. At the commencement of the hearing, the parties submitted their Joint Stipulations of Fact, Conclusions of Law, and Agreed Recommendation for Discipline to the Trial Panel. It was noted in opening statements that the Joint Stipulations were noticeably different than the allegations set out in the complaint. Although Simank and the Bar stipulated that a private reprimand would be appropriate discipline, the Trial Panel concluded, after the hearing, that Simank should receive a public reprimand.

¶ 3 Simank called four witnesses who testified to his moral character and reputation as an attorney. Simank was also examined by the Bar Association, his attorney, and by the members of the trial panel.

¶ 4 On June 7, 2000, the trial panel filed its Report of the Professional Responsibility Tribunal and recommended, contrary to the Agreed Recommendation for Discipline submitted by the parties, that Simank be publicly reprimanded by this Court.

¶ 5 On July 7, 2000, the parties filed a Joint Brief in Partial Support of Report of Professional Responsibility Tribunal. On July 5, 2000, an Application to Assess Costs was filed by the Bar Association.

¶ 6 The Oklahoma Bar Association's complaint against Simank arose out of three grievances filed by Simank's clients or former clients, Cynthia Gambrell, Herman Farris, and Jan Fees. The parties stipulated and the Trial Panel found that none of the conduct that gave rise to the three grievances was sufficient to support the imposition of discipline against Simank. Nevertheless, the Trial Panel found that the investigation of the three grievances showed misconduct on Simank's part serious enough to warrant its recommendation of a public reprimand. The Trial Panel concluded that Simank's having failed to respond to many letters sent to him by the Oklahoma Bar Association, having hired a non-lawyer assistant with inadequate investigation, and having failed to adequately supervise his assistant, warranted a recommendation of discipline in the form of a public reprimand.

## FACTS

*Count I*

¶ 7 Count I of the Bar's complaint relates to a combined personal injury claim and Workers' Compensation Court claim, which claim arose from injuries Cynthia Gambrell sustained in the course of her employment in an automobile accident on January 2, 1997. Ms. Gambrell retained Simank to represent her in both claims. Simank handled the Workers' Compensation Court claim without incident but encountered problems concerning the personal injury claim. Simank filed suit on Ms. Gambrell's behalf on February 19, 1998, but the suit was dismissed without Simank's knowledge for failure to prosecute.

¶ 8 Simank did not receive a copy of the motion to dismiss the case and was unaware that it had been dismissed, although the court had done so on October 2, 1998. In January 1999, Simank asked a non-lawyer assistant, Thomas Ashley Wilkes, to check on the status of the case, which Wilkes represented to Simank he had done and that the case was still pending. Later, Ms. Gambrell learned from the court clerk that her case had been dismissed. Despite the confusion, Simank negotiated a settlement of Ms. Gambrell's claim within the statute of limitations that was satisfactory to her so that it was unnecessary to refile her district court action.

¶ 9 The precise nature of Wilkes employment status with Simank is uncertain. Simank testified, "I don't think I ever considered him to be a, you know, classic employee, but, yes, he was working for me." The Trial Panel noted that Simank paid Wilkes $10.00 an hour but did not withhold payroll or any other taxes. Simank, however, testified that he hired Wilkes as a "consultant" to work on a project by project basis and that Wilkes was free to work for others.

¶ 10 Simank admitted that he allowed Wilkes to return to work after Simank had earlier discharged Wilkes after having learned that Wilkes had threatened a client and an adjuster. Simank, however, explained that the work Wilkes did after he, Simank, had discharged Wilkes was only the sort of work that Simank could directly supervise.

¶ 11 Wilkes had legal problems, which among other matters, involved his having given hot checks and a felony drug conviction. The Trial Panel characterized Simank's testimony concerning his knowledge of Wilkes' legal difficulties as "contradictory" and concluded that Simank's testimony was not credible when he had denied that he knew anything about Wilkes having been convicted of a drug related felony. The Bar and Simank, however, insist that Simank's testimony was not contradictory and that there is nothing in the record to counter Simank's unequivocal testimony that Simank did not know about Wilkes' drug conviction. Nevertheless, the Trial Panel found that clear and convincing evidence supported its finding that Simank had failed to make reasonable efforts to ensure that Wilkes' conduct complied with the professional obligations of lawyers, in violation of Rules 5.3,[1] (c) a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if: (1) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or (2) the lawyer is a partner in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action and 8.4(a) and (c),[2] (d) engage in conduct that is prejudicial

---

1. Rule 5.3, Oklahoma Rules of Professional Conduct, provides:

   With respect to a nonlawyer employed or retained by or associated with a lawyer:
   (a) a partner in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer;

   (b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and

2. Subsections (a)(c) and (d) of Rule 8.4, Oklahoma Rules of Professional Conduct, provide:

   It is professional misconduct for a lawyer to:

to the administration of justice; of the Oklahoma Rules of Professional Conduct. The Trial Panel found that Simank's conduct in this regard constituted grounds for professional discipline.

### Counts II, III, and IV

¶ 12 Counts II, III, and IV arise from Simank's failure to respond to the Bar's requests for information concerning the Gambrell grievance, another grievance concerning a client named Farris, and a third grievance involving a client named Fees. Counts III and IV also involve Simank's failure to claim certified mail addressed to him at his official Bar address, a post office box. It is undisputed that Simank failed to respond to letters from the Bar on ten separate occasions and that he also failed on five additional occasions to claim certified mail sent to his official Bar address. The Trial Panel found, a finding that Simank does not resist, that Simank's failure to respond and his failure to claim certified mail constituted clear and convincing evidence that he had violated Rule 8.1(b), Oklahoma Rules of Professional Conduct,[3] and Rule 5.2, Rules Governing Disciplinary Proceedings.[4]

¶ 13 The Trial Panel further found that Simank's had represented to the Bar on May 5, 1999 that Ms. Gambrell's case was still pending, when it was not pending but had been dismissed on October 2, 1998. The Trial Panel concluded that Simank's conduct in this regard was clear and convincing evidence that Simank had engaged in dishonest conduct in violation of Rule 8.4(c), Oklahoma Rules of Professional Conduct, note 2. Simank and the Bar, however, resist this finding by the Trial Panel on the ground that Simank represented that Ms. Gambrell's *claim* was still pending, not that her *case* was still pending. As noted above, Ms. Gambrell's claim was still pending and was ultimately settled to her satisfaction.

### Counts V. and VI

¶ 14 The Trial Panel found that Count V, involving claimed conflicting testimony given by Simank in two depositions, and Count VI, involving the claimed failure of Simank to keep his client Fees informed, did not violate the Oklahoma Rules of Professional Conduct.

### Count VII

¶ 15 Count VII set out conduct by Wilkes in which Wilkes had claimed to Simank's

---

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

3. Rule 8.1(b), Oklahoma Rules of Professional Conduct, provides:

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
. . .
(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.

4. Rule 5.2, Rules Governing Disciplinary Proceedings, provides:

After making such preliminary investigation as the General Counsel may deem appropriate, the General Counsel shall either (1) notify the per-

son filing the grievance and the lawyer that the allegations of the grievance are inadequate, incomplete, or insufficient to warrant the further attention of the Commission, provided that such action shall be reported to the Commission at its next meeting, or (2) file and serve a copy of the grievance (or, in the case of an investigation instituted on the part of the General Counsel or the Commission without the filing of a signed grievance, a recital of the relevant facts or allegations) upon the lawyer, who shall thereafter make a written response which contains a full and fair disclosure of all the facts and circumstances pertaining to the respondent lawyer's alleged misconduct unless the respondent's refusal to do so is predicated upon expressed constitutional grounds. Deliberate misrepresentation in such response shall itself be grounds for discipline. *The failure of a lawyer to answer within twenty (20) days after service of the grievance (or recital of facts or allegations), or such further time as may be granted by the General Counsel, shall be grounds for discipline.* The General Counsel shall make such further investigation of the grievance and response as the General Counsel may deem appropriate before taking any action.
[Emphasis added.]

client, Fees, that unless Fees settled her case as recommended by Simank she would regret it because Simank's wife was a "powerful" councilperson for the City of Oklahoma City and "owned" Oklahoma City. The stipulation of the parties recited, "All of Wilkes' actions and statements occurred without Respondent's [Simank's] knowledge or authorization." Nevertheless, the Trial Panel found that Simank had violated Rule 5.3, note 1, by having failed to adequately supervise Wilkes and had violated Rule 8 .4(d), note 2, by having engaged in conduct prejudicial to the administration of justice.

## ISSUES

¶ 16    The Bar and Simank raise three issues:

1. Did Simank violate Rule 8.4(a)(c) and (d), Oklahoma Rules of Professional Conduct, note 2, as a result of conduct engaged in by Simank's assistant, Thomas Ashley Wilkes?

2. Did Simank violate Rule 5.3, Oklahoma Rules of Professional Conduct, note 1, by failing to make reasonable efforts to supervise Wilkes?

3. Were Simank's admitted multiple violations of Rules 8.1(b), Oklahoma Rules of Professional Conduct, note 3, and Rule 5.2, Rules Governing Disciplinary Proceedings, note 4, sufficient to warrant the imposition of a public reprimand?

## DISCUSSION

*Simank's violations of Rule 8.1(b), Oklahoma Rules of Professional Conduct, and Rule 5.2, Rules Governing Disciplinary Proceedings are undisputed and in and of themselves call for a public reprimand.*

¶ 17    The parties agree that Simank's many failures to respond to the Bar's requests for information constituted violations of both Rule 8.1(b), Oklahoma Rules of Professional Conduct, and Rule 5.2, Rules Governing Disciplinary Proceedings. Although the parties urge us to limit the discipline to be imposed on Simank to a private reprimand, the Trial Panel concluded that a public reprimand was more appropriate. We agree

with the Trial Panel. The undisputed facts are that Simank persistently failed to respond to ten letters from the Bar requesting information and also failed to sign for an additional five certified letter that were mailed to his official Bar address.

¶ 18    These facts amply support the Trial Panel's conclusion, a conclusion in which we concur after our own *de novo* review of the record, that a private reprimand for Simank's conduct would not set a sufficient example to other lawyers that they must not ignore requests from the Bar for information concerning grievances—certainly not on fifteen separate occasions.

¶ 19    Had Simank complied with the Oklahoma Rules of Professional Conduct and the Rules Governing Disciplinary Proceedings and promptly responded to the Bar's requests for information, this matter might well have gone no further than the Bar because Simank was ultimately able to show that his clients were not prejudiced by anything he did. Simank's own conduct, however, allowed matters to proceed beyond the Bar. By the time Simank finally explained the circumstances surrounding the three grievances leveled against him, his compound failures to respond to requests for information about those grievances made the imposition of discipline against him inevitable.

¶ 20    After a *de novo* review of the record, we have concluded that Simank's admitted multiple failures to respond to the Bar's requests for information concerning the grievances leveled against him amply support a public reprimand. Our conclusion renders moot the issue of whether the record supports the Trial Panel's conclusions that Wilkes' conduct and the manner in which Simank did or did not supervise it constituted violations of Rules 5.3, note 1, and 8.4(a), (c), and (d), Oklahoma Rules of Professional Conduct, note 2.

¶ 21    For the purposes of this opinion, we assume without deciding that the record did not support the Trial Panel's finding that Wilkes' deceitful and unprofessional conduct could be imputed to Simank so that Simank could be held to have violated Rule 8.4(a), (c), and (d), note 2. For the same reason, we

assume without deciding that the evidence showing that Simank's act of continuing to allow Wilkes to work for him after he, Simank, became aware of Wilkes' unprofessional conduct was insufficient to support a finding that Simank had violated Rule 5.3, Oklahoma Rules of Professional Conduct, note 1. Nevertheless, Simank's admitted misconduct of failing to deal appropriately with fifteen separate requests for information are enough, in and of themselves, to support the discipline that we impose today.

¶ 22   Respondent, Edmund Dow Simank, II, is accordingly hereby publicly reprimanded and he is ordered to pay the costs of this proceeding, $1,297.13, not later than ninety days after this opinion becomes final.

RESPONDENT PUBLICLY REPRIMANDED AND ORDERED TO PAY COSTS.

HARGRAVE, C.J., WATT, V.C.J., HODGES, LAVENDER, SUMMERS, BOUDREAU, and WINCHESTER, JJ., concur.

KAUGER, J., concurs in result.

OPALA, J., not participating.