STATE ex rel. OKLAHOMA BAR ASSOCIATION v. FIELDS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. FIELDS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. FIELDS
2021 OK 34
489 P.3d 1016
Case Number: SCBD-6906
Decided: 06/08/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 34, 489 P.3d 1016

 
 

STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
JASON MATTHEW FIELDS, Respondent.

BAR DISCIPLINARY PROCEEDING

¶0 The Oklahoma Bar Association commenced disciplinary proceedings against Jason Matthew Fields. The Professional Responsibility Tribunal found that Fields committed professional misconduct in receiving attorney's fees that were not approved by the probate court, failing to cooperate in the Oklahoma Bar Association's investigation, and breaching his Diversion Program Agreement. The Tribunal recommended this Court suspend Fields from the practice of law for two years and one day and require Fields to reimburse the Estate of Barbara Jean Dillman the legal fees he received. We hold that Fields's conduct warrants a one-year suspension, and we order Fields to repay the Estate the attorney's fees he received and to pay the costs of these disciplinary proceedings.

Peter Haddock, Assistant General Counsel of the Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Jason Matthew Fields, pro se.

THE RESPONDENT IS SUSPENDED FOR ONE YEAR, ORDERED TO REPAY
THE ATTORNEY'S FEES NOT APPROVED BY THE PROBATE COURT, AND 
ORDERED TO PAY COSTS.

Winchester, J.

¶1 Complainant Oklahoma Bar Association (OBA) filed its complaint against Respondent Jason Matthew Fields, pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP).[1] The Trial Panel of the Professional Responsibility Tribunal (Trial Panel) heard this disciplinary matter and found Fields violated the Oklahoma Rules of Professional Conduct (ORPC)[2] and the RGDP in receiving attorney's fees that were not approved by the probate court, failing to cooperate with the OBA's investigation into a grievance filed against Fields, and breaching his Diversion Program Agreement. The Trial Panel recommended this Court suspend Fields from the practice of law for two years and one day and require Fields to repay the attorney's fees he received without the probate court's approval. We hold that the OBA established by clear and convincing evidence that Fields violated the ORPC and the RGDP and suspend Fields from the practice of law for one year. We also order Fields to repay the Estate of Barbara Jean Dillman the attorney's fees he received and to pay the costs of these disciplinary proceedings.

I. FACTS

A. The Estate of Barbara Jean Dillman Grievance

¶2 In 2003, Fields received his license to practice law in Oklahoma. He is currently in good standing with the OBA. In 2011, Barbara Jean Dillman died intestate with two known heirs: her son, Ty Dillman (Dillman), and daughter, Daphne Spencer (Spencer). The probate court originally appointed Dillman as the personal representative for the Estate of Barbara Jean Dillman. However, in June 2015, the probate court appointed Spencer as the personal representative because Dillman had to move out of state to care for his father. Fields represented Spencer.

¶3 The decedent's only assets were items of personal property and her house. In October 2015, Fields advised Spencer on how to use a Federal Tax Identification Number for the Estate, open a bank account in the name of the Estate, handle the funds from the sale of the decedent's house, and file certain tax forms on behalf of the Estate. Fields also told Spencer to contact him after the closing on the sale of the house to hire a certified public accountant to review the tax documents.

¶4 In December 2015, Spencer sold the decedent's house with the probate court's permission. Fields was not present for the closing, but the closing company issued a check for $6,401.15 to Fields for his attorney's fees. Fields did not return the funds to the Estate nor did he obtain court approval for his attorney's fees. Fields also did not place the funds in an Interest On Lawyers' Trust Account (IOLTA); he did not even maintain an IOLTA account.

¶5 The closing company issued Spencer a check for $52,909.35, which was the net sale proceeds after payment of all fees and expenses. Spencer did not notify Dillman that she sold the decedent's house and did not follow Fields's instructions regarding the handling of the funds from the sale of the real property. Instead, Spencer spent the proceeds of the sale, misappropriating the proceeds to the detriment of the other heir. Further, neither Fields nor Spencer submitted a final accounting to the probate court, and the probate matter remains pending.

¶6 On April 3, 2017, Dillman submitted a grievance to the OBA, alleging Fields committed professional misconduct in the handling of the Estate of Barbara Jean Dillman.

B. Failure to Cooperate with the OBA's Investigation 
and Breach of Diversion Program Agreement

¶7 Fields did not respond to Dillman's grievance, although the OBA requested a response on two separate occasions and gave Fields an additional five working days to submit one. In August 2017, the OBA began a formal investigation and again requested on two separate occasions that Fields respond to the grievance. Fields did not submit a response.

¶8 An OBA investigator called Fields on two separate occasions and left messages requesting that Fields return his call. Fields did not respond to those calls. The OBA then obtained a Subpoena Duces Tecum for the deposition of Fields, along with a request for him to produce bank records and the Estate of Barbara Jean Dillman file. In February 2018, Fields appeared at the deposition, produced some of the requested documents, and submitted a written response to the grievance. At the conclusion of the deposition, the OBA requested additional documentation from Fields, which he agreed to provide. The OBA investigator attempted to follow up with Fields multiple times regarding the status of the additional documents. In June 2018, Fields sent the OBA the additional documents, four months after the OBA's request.

¶9 In September 2018, the OBA presented Fields's case to the Professional Responsibility Commission, and the Commission referred Fields to the Attorney Diversion Program for a one-year probation pursuant to RGDP Rule 5.1.[3] In October 2018, Fields and the OBA entered into a Diversion Program Agreement, which mandated that Fields attend certain classes and pay the costs associated with the program. It also required Fields to reimburse the OBA for the cost of his deposition. Fields failed to abide by any of the terms of the agreement. He also did not keep in contact with the program monitors or respond to emails, letters, or calls from the OBA.

¶10 On March 20, 2020, the OBA filed a formal Complaint against Fields setting forth one count of professional misconduct for the handling of the Estate of Barbara Jean Dillman and one count of professional misconduct for failure to cooperate in the OBA's investigation and breach of the Diversion Program Agreement.

¶11 The OBA properly served Fields with notice of the Complaint. Fields did not file an answer, and on June 3, 2020, the OBA filed a Motion to Deem Allegations Admitted under RGDP Rule 6.4. Fields did not respond to the motion. On June 9, 2020, the Trial Panel held a hearing, and Fields did not appear. The Trial Panel deemed the allegations in the Complaint admitted. The Trial Panel proceeded to hear evidence to recommend what discipline to impose on Fields. The Trial Panel found by clear and convincing evidence that Fields violated ORPC Rules 1.15,[4] 8.1(b),[5] 8.4(a) and (d),[6] as well as a violation of RGDP Rules 1.3[7] and 5.2.[8] The Trial Panel recommended that this Court suspend Fields for two years and one day and require him to repay the Estate of Barbara Jean Dillman the attorney's fees he received without the probate court's approval.

C. Mitigation Evidence

¶12 This Court may consider mitigating circumstances in evaluating both the attorney's conduct and assessing the appropriate discipline. State ex rel. Okla. Bar Ass'n v. Mayes, 2003 OK 23, ¶ 26, 66 P.3d 398, 408. Fields has practiced law for over 17 years and has no prior disciplinary history. Beyond this factor, there are very few mitigating circumstances to evaluate.

¶13 During the investigation, Fields admitted that he suffered from anxiety such that he could not deal with confrontation in practice and during the OBA's investigation. Yet Fields offered no supporting documentation of an anxiety diagnosis. See State ex rel. Okla. Bar Ass'n v. Schraeder, 2002 OK 51, ¶ 28, 51 P.3d 570, 579 (holding a causal relationship must exist between the medical condition and the professional misconduct when a mental disorder is tendered as a mitigation factor).

¶14 Further, Fields disclosed that it was common practice in his community to receive attorney's fees in a probate matter without court approval and the law firms he worked for have done it this way. Fields stated he would return the money to the Estate but that he did not think what he did was wrong. Fields showed a lack of willingness to accept responsibility and remorse for his misconduct.

II. STANDARD OF REVIEW

¶15 In disciplinary proceedings, this Court acts as a licensing court in the exercise of our exclusive jurisdiction. State ex rel. Okla. Bar Ass'n v. Garrett, 2005 OK 91, ¶ 3, 127 P.3d 600, 602. Our review of the evidence is de novo in determining if the OBA proved its allegations of misconduct by clear and convincing evidence. The Trial Panel's recommendations are neither binding nor persuasive. State ex rel. Okla. Bar Ass'n v. Anderson, 2005 OK 9, ¶ 15, 109 P.3d 326, 330. This Court's responsibility is not to punish an attorney, but to assess the continued fitness to practice law and to safeguard the interests of the public, the courts, and the legal profession. State ex rel. Okla. Bar Ass'n v. Wilburn, 2006 OK 50, ¶ 3, 142 P.3d 420, 422.

III. DISCUSSION

¶16 The OBA charged Fields with one count of mishandling estate funds in violation of ORPC Rule 1.15--which requires attorneys to safeguard the property of clients or third parties. This Court employs three different culpability standards in evaluating the mishandling of funds: (1) commingling,[9] (2) simple conversion,[10] and (3) misappropriation, i.e., "theft by conversion or otherwise."[11] The degree of culpability ascends from the first to the last. State ex rel. Okla. Bar Ass'n v. Combs, 2007 OK 65, ¶ 13, 175 P.3d 340, 346.

¶17 Oklahoma law requires attorneys to exercise diligence to ensure fees are not removed from an estate without court approval. State ex rel. Okla. Bar Ass'n v. Mansfield, 2015 OK 22, ¶ 17, 350 P.3d 108, 114. We have previously held that an attorney's transfer of funds from an estate to pay fees without court approval amounted to commingling and simple conversion. Id. ¶ 32, 350 P.3d at 119; State ex. rel. Okla. Bar Ass'n v. Besly, 2006 OK 18, ¶ 48, 136 P.3d 590, 606 (holding an attorney commingled estate funds with his own when he paid himself under the auspices of what he considered due to him without court approval).

¶18 We also view Fields's conduct as commingling and simple conversion. The funds from the sale of the decedent's real property belonged to the Estate of Barbara Jean Dillman, and Fields had the duty to safeguard the funds directly sent to him by the closing company until he received an approved fee from the probate court. We further note the probate matter currently remains unresolved with no final accounting on file. Fields's actions are not only a violation of Oklahoma's probate code,[12] but also a violation of ORPC Rules 1.15 and 8.4(a) and (d).[13]

 

¶19 The OBA also charged Fields with one count of failing to cooperate with the OBA's investigation and breaching the Diversion Program Agreement. We have held that failure to respond to requests from the OBA--by itself--is grounds for filing a formal complaint and the imposition of discipline. State ex rel. Okla. Bar Ass'n v. Simank, 2001 OK 13, ¶¶ 17-19, 19 P.3d 860, 864. Had Fields promptly responded to the OBA's requests for information, this matter may have gone no further. Fields's own conduct allowed this matter to proceed. When Fields finally explained the circumstances surrounding the grievance leveled against him, his compound failures to respond to requests for information about the grievance made the imposition of discipline against him almost inevitable.

 

¶20 Instead of filing a formal complaint, the Professional Responsibility Commission referred Fields to the Attorney Diversion Program. Fields would have received only an admonishment for the grievance upon completion of the program. Yet Fields again failed to cooperate and abide by the terms of the program. He also failed to respond to the OBA when it inquired multiple times into the status of his participation in the program.

¶21 Fields further failed to respond to the formal Complaint once filed, to appear at the hearing before the Trial Panel, or to file any brief before this Court. The totality of this conduct reflects adversely on Fields's fitness to practice law and constitutes professional misconduct in violation of ORPC Rules 8.1(b) and 8.4(a). Fields's actions are grounds for discipline under RGDP Rules 1.3 and 5.2.

IV. DISCIPLINE

¶22 The Court imposes discipline upon an offending lawyer consistent with the discipline visited upon other practitioners for similar acts of professional misconduct. Combs, 2007 OK 65, ¶ 36, 175 P.3d at 351. This Court commonly suspends attorneys for comingling and simple conversion of funds, with the length dependent on the surrounding circumstances and degree of harm to the client. See id. ¶ 37, 175 P.3d at 352 (attorney suspended for 90 days for commingling and simple conversion of funds belonging to an estate); Besly, 2006 OK 18, ¶ 55, 136 P.3d at 609 (attorney suspended for six months for commingling and simple conversion when the attorney paid herself legal fees from an estate without court approval); State ex rel. Okla. Bar Ass'n. v. Wilcox, 1997 OK 87, 942 P.2d 205 (attorney suspended for one year for the commingling and mishandling of client funds and the unauthorized endorsing of a doctor's name to a settlement check); State ex rel. Okla. Bar Ass'n. v. Farrant, 1994 OK 13, 867 P.2d 1279 (attorney suspended for one year for impermissibly applying client funds to hire a private investigator to claimed attorney's fees); State ex rel. Okla. Bar Ass'n v. Cummings, 1993 OK 127, 863 P.2d 1164 (attorney suspended for one year for impermissibly applying money entrusted for a specific purpose to claimed attorney's fees); State ex rel. Okla. Bar Ass'n v. Gasaway, 1991 OK 33, 810 P.2d 826 (attorney suspended for one year for commingling, using client monies for unauthorized purposes, and failing to make disclosures to the OBA).

¶23 The most relevant case regarding discipline for an attorney's failure to cooperate with the OBA's investigation and participate in the diversion program is State of Oklahoma ex rel. Oklahoma Bar Association v. Green, 2020 OK 21, 465 P.3d 1197. In Green, the attorney agreed to participate in the diversion program after a client filed a grievance against him for failing to communicate and allowing a default judgment against the client. Yet the attorney failed to cooperate in executing a diversion agreement. After several attempts to contact him, the OBA issued a Subpoena Duces Tecum for the attorney to appear at a deposition and produce documents. The attorney appeared at the deposition and again agreed to a diversion program if one was still available. The attorney failed to respond to more attempts by the OBA to contact him after the deposition and failed to execute the diversion agreement the OBA sent to him. The OBA filed a complaint, and the attorney again failed to respond. The attorney did not appear at the hearing in front of the trial panel, and the trial panel recommended the Court suspend Green for two years and one day. Id. ¶ 17, 465 P.3d at 1202. The Court rejected the trial panel's recommendation, reasoning that it did not believe the attorney's actions warranted disbarment because the harm suffered by the client or public was missing or insignificant. Id. ¶ 27, 465 P.3d at 1204-05. The Court instead suspended the attorney for 90 days. Id. ¶ 31, 465 P.3d at 1205.

¶24 The cases cited by the Trial Panel and the OBA to support the recommended suspension of two years and one day involved multiple grievances filed against the respondents by multiple clients.[14] This Court has reserved this "severest sanction" (removal with proof of fitness for reinstatement) where irreparable harm to a client has resulted. See, e.g., State ex rel. Okla. Bar Ass'n v. McCoy, 1996 OK 27, 912 P.2d 856. Fields had only one grievance filed against him, and the Professional Responsibility Commission initially found the grievance was a matter involving lesser misconduct to refer Fields to the Attorney Diversion Program. However, Fields's failure to abide by the Diversion Agreement is grounds for this proceeding. And the harm caused to the Estate remains as Fields never obtained probate court approval of his attorney's fees and the probate matter is still pending.

¶25 We do not believe Fields's conduct warrants a suspension of two years and one day. However, we believe that Fields's misconduct deserves a harsher discipline than that imposed in Green due to Fields's failure to properly handle funds belonging to the Estate, finalize the probate matter, cooperate with the OBA's investigation, abide by the terms of his one-year probation in the Diversion Program, and participate in these disciplinary proceedings. The totality of Fields's misconduct shown by this record warrants a one-year suspension. We also order Fields to reimburse the Estate of Barbara Jean Dillman the attorney's fees he received without approval from the probate court.

V. CONCLUSION

¶26 The OBA established by clear and convincing evidence that Fields violated ORPC Rules 1.15, 8.1(b), and 8.4(a) and (d) and RGDP Rules 1.3 and 5.2. This Court suspends Fields from the practice of law for one year from the date of this opinion, and we order Fields to reimburse the Estate of Barbara Jean Dillman within 90 days for the attorney's fees he received without court approval in the amount of $6,401.15.

¶27 The OBA filed an application to assess the costs of the disciplinary proceedings in the amount of $1,129.46. Fields did not file an objection to this application. These costs include investigation expenses and costs associated with the record, and each is permissible. See RGDP Rule 6.16. This Court orders Fields to pay within 90 days the costs in the amount of $1,129.46.

THE RESPONDENT IS SUSPENDED FOR ONE YEAR, ORDERED TO REPAY
THE ATTORNEY'S FEES NOT APPROVED BY THE PROBATE COURT, AND
ORDERED TO PAY COSTS.

CONCUR: Kauger, Winchester, Edmondson, Combs and Gurich, JJ.

CONCUR IN PART; DISSENT IN PART: Kane, V.C.J. and Rowe, J.

DISSENT: Darby, C.J. (by separate writing).

Kane, V.C.J., concurring in part, dissenting in part:

"I would suspend for two years from the date of this opinion."

Rowe, J., concurring in part, dissenting in part:

"I would suspend for six months."

FOOTNOTES

[1] Rules Governing Disciplinary Proceedings, 5 O.S.2011, ch. 1, app. 1-A.

[2] Oklahoma Rules of Professional Conduct, 5 O.S.2011, ch. 1, app. 3-A.

[3] RGDP 5.1 provides in pertinent part:

(c) In a matter involving lesser misconduct, as defined in Rule 5.1(d), prior to the filing of formal charges, the Office of General Counsel may refer the respondent to the diversionary program. Such program may include, but is not limited to, law office management assistance, Lawyers Helping Lawyers, psychological counseling, continuing legal education programs, and professional responsibility classes.

[4] ORPC 1.15 provides in pertinent part:

(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the written consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

(b) A lawyer may deposit the lawyer's own funds in a client trust account for the sole purpose of paying bank service charges on that account but only in an amount necessary for that purpose.

(c) A lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred.

(d) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

(e) When in connection with a representation, a lawyer possesses funds or other property in which both the lawyer and another person claim interests, the funds or other property shall be kept separate by the lawyer until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall be kept separate by the lawyer until the dispute is resolved, and the undisputed portion of the funds shall be promptly distributed.

[5] ORPC 8.1 provides in pertinent part:

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

. . . .

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.

[6] ORPC 8.4 provides in pertinent part:

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

. . . .

(d) engage in conduct that is prejudicial to the administration of justice . . . .

[7] RGDP 1.3 provides:

The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

[8] RGDP 5.2 provides in pertinent part:

The failure of a lawyer to answer within twenty (20) days after service of the grievance (or recital of facts or allegations), or such further time as may be granted by the General Counsel, shall be grounds for discipline.

[9] "Commingling takes place when client monies are combined with the attorney's personal funds." State ex rel. Okla. Bar Ass'n v. Farrant, 1994 OK 13, ¶ 8, 867 P.2d 1279, 1284.

[10] "[S]imple conversion occurs when an attorney applies a client's money to a purpose other than that for which it came to be entrusted to the lawyer." State ex rel. Okla. Bar Ass'n v. Combs, 2007 OK 65, ¶ 15, 175 P.3d 340, 346.

[11] Misappropriation occurs when an attorney has purposely deprived a client of money through deceit and fraud. Id. ¶ 16, 175 P.3d at 346.

[12] See 58 O.S.2011, §§ 217, 525, 527.

[13] Through its investigation, the OBA concluded that Fields was not responsible for the conduct of Spencer in misappropriating the estate funds to the detriment of Dillman. We agree. Fields obtained a Federal Tax Identification Number for the Estate and advised Spencer on how to properly handle the estate funds. Spencer failed to follow the instructions from Fields.

[14] See State ex rel. Okla Bar Ass'n v. Haave, 2012 OK 92, 290 P.3d 747; State ex rel. Okla. Bar Ass'n v. Reynolds, 2012 OK 95, 289 P.3d 1283; State ex rel. Okla. Bar Ass'n v. Whitebook, 2010 OK 72, 242 P.3d 517.

 

 

DARBY, C. J., dissenting: 

¶1 I respectfully dissent.

¶2 If Respondent is not willing to respond to the Bar, or participate in the diversion program, what will he do in the future with other client's legal work? Although Respondent has been aware of this issue in the district court probate case for several years, he has neglected the case and denied wrongdoing for his actions. Respondent has failed to show proper respect to the Court and other lawyers. Respondent has in fact shown no respect for authority at all. Respondent's actions reflect poorly on the profession he swore to serve and, if not corrected, will be a risk to the public and future clients.

¶3 Further, the majority notes that Respondent's conversion will be cured by repaying money to the estate. But his repayment does not fix the problem caused by his neglect in this case which allowed Spencer to misappropriate the proceeds of the sale to the detriment of the other heir. Respondent should be required to prove he cares about possessing a license to practice law in Oklahoma and abiding by the rules he has sworn to follow before this Court permits him those privileges.

¶4 I would suspend Respondent for two years and a day.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2021 OK 58, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GRAYSON
Discussed


 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1991 OK 33, 810 P.2d 826, 62 OBJ 1159, State ex rel. Oklahoma Bar Ass'n v. Gasaway
Discussed
 1993 OK 127, 863 P.2d 1164, 64 OBJ 2960, State ex rel. Oklahoma Bar Ass'n v. Cummings
Discussed
 2001 OK 13, 19 P.3d 860, 72 OBJ 556, STATE ex. rel. OKLAHOMA BAR ASSN. v. SIMANK
Discussed
 1994 OK 13, 867 P.2d 1279, 65 OBJ 459, State ex rel. Oklahoma Bar Assn. v. Farrant
Discussed at Length
 1997 OK 87, 942 P.2d 205, 68 OBJ 2326, State v. Wilcox
Discussed
 2002 OK 51, 51 P.3d 570, STATE EX. REL. OKLAHOMA BAR ASSOCIATION v. SCHRAEDER
Discussed
 2003 OK 23, 66 P.3d 398, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MAYES
Discussed
 2005 OK 9, 109 P.3d 326, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ANDERSON
Discussed
 1996 OK 27, 912 P.2d 856, 67 OBJ 786, State ex rel. Oklahoma Bar Assn. v. McCoy
Discussed
 2005 OK 91, 127 P.3d 600, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GARRETT
Discussed
 2006 OK 18, 136 P.3d 590, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BESLY
Discussed at Length
 2006 OK 50, 142 P.3d 420, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WILBURN
Discussed
 2007 OK 65, 175 P.3d 340, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COMBS
Discussed at Length
 2010 OK 72, 242 P.3d 517, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WHITEBOOK
Discussed
 2012 OK 92, 290 P.3d 747, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HAAVE
Discussed
 2012 OK 95, 289 P.3d 1283, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. REYNOLDS
Discussed
 2015 OK 22, 350 P.3d 108, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MANSFIELD
Discussed
 2020 OK 21, 465 P.3d 1197, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GREEN
Discussed
Title 58. Probate Procedure
 Cite
Name
Level

 58 O.S. 217, Rendering of Account by Special Administrator
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA