STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COLLINS
2024 OK 69
Case Number: SCBD-7608; Cons. w/7623
Decided: 10/08/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2024 OK 69, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

 

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

MICHAEL DAVID COLLINS, Respondent.

BAR DISCIPLINARY PROCEEDING

¶0 The Oklahoma Bar Association commenced disciplinary proceedings against Respondent pursuant to Rules 6 and 8 of the Rules Governing Disciplinary Proceedings, for committing professional misconduct in other jurisdictions, failing to report to the Oklahoma Bar Association the disciplinary actions in other jurisdictions, failing to cooperate in the Oklahoma Bar Association's investigation into an admonishment filed against Respondent in another court, and failing to participate in these disciplinary proceedings. The Trial Panel recommended that this Court disbar Respondent from the practice of law. We hold that Respondent's conduct warrants disbarment. We further order Respondent to pay the costs of these disciplinary proceedings.

Tracy Pierce Nester, Assistant General Counsel of the Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Michael David Collins, pro se.

RESPONDENT IS DISBARRED AND ORDERED TO PAY COSTS.

Winchester, J.

¶1 Complainant Oklahoma Bar Association (OBA) filed its complaint against Respondent Michael David Collins (Collins) pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP) and a notice of disciplinary action in other jurisdictions pursuant to RGDP Rule 7.

I. FACTS

¶2 In 1990, Collins received his license to practice law in Oklahoma. He has remained in good standing with the OBA.

A. Rule 6 General Counsel Grievance Concerning the Admonishment from the Tenth Circuit.

¶3 On April 24, 2023, the Tenth Circuit notified the OBA of an order issued in a matter styled In re: Michael D. Collins. The order stated that two criminal defendants retained Collins for an appeal. Collins had represented both defendants in the U.S. District Court for the Eastern District of Oklahoma and filed a notice of appeal in the Tenth Circuit on their behalf. However, Collins failed to file an entry of appearance or a docketing statement as required by the Tenth Circuit. As a result, the Tenth Circuit sent Collins deficiency notices, and Collins failed to comply or respond to further orders from the Tenth Circuit. The Tenth Circuit ultimately entered an order striking Collins as counsel for the defendants and issued an "admonishment" that warned Collins that further conduct would result in the imposition of discipline. The order did not constitute formal discipline.

¶4 On May 4, 2023, the OBA mailed a letter to Collins's official roster address, requesting that, within two weeks of receipt of the letter, he explain his conduct that led to the admonishment. Collins failed to respond. On June 6, 2023, the OBA sent a follow-up letter via certified mail to his official roster address. Collins again failed to respond.

¶5 On June 27, 2023, the OBA opened a formal investigation into Collins's actions in the Tenth Circuit and mailed Collins notice, asking him to respond within twenty (20) days. Collins failed to respond. On August 7, 2023, the OBA mailed another letter via certified mail to his official roster address requesting that he respond to the grievance. Collins again failed to respond.

¶6 On January 11, 2024, the OBA filed a Rule 6 complaint against Collins, alleging violations of ORPC Rules 8.1 and 8.4(a) and RGDP Rules 1.3 and 5.2. Collins failed to respond to the complaint. The OBA then filed a motion to deem the allegations in the complaint admitted. The OBA submitted evidence that it properly served Collins with notice of the complaint and that Collins did not file an answer. The Trial Panel granted the OBA's motion and deemed the allegations admitted.

B. Rule 7.7 Notice of Disciplinary Action in Other Jurisdictions.

¶7 Due to Collins's failure to respond to the OBA's inquiries into the Tenth Circuit admonishment, the OBA investigated Collins's location to confirm that it had the correct address for Collins. In the process, the OBA discovered that Collins was licensed to practice law in Arkansas and Illinois and had been previously disciplined in both jurisdictions. Collins never notified the OBA of the discipline.

¶8 In 2012, the Arkansas Supreme Court Committee on Professional Conduct publicly reprimanded Collins for engaging in the unauthorized practice of law in Virginia, where Collins was not licensed. The Committee also found that Collins did not provide diligent or competent representation in the underlying Virginia matter. Collins failed to file a timely answer on behalf of his clients in the Virginia lawsuit, resulting in a default judgment against Collins's clients in the amount of $163,388.33, plus interest, and $40,874.08 in attorney's fees. Collins's clients were unaware that the Virginia court had entered a judgment against them and had to file for bankruptcy when the sheriff's office attempted to collect on the judgment and sell the clients' clinic.

¶9 In another lawsuit filed in Arkansas involving the same clients, Collins failed to respond to discovery requests in a timely manner. As a result, the court deemed the requests admitted. The opposing counsel filed a motion for summary judgment based on those admissions, and Collins failed to file a response within the time permitted under Arkansas law. Collins eventually filed a response, but the Court granted judgment in the amount of $30,947.25 against Collins's clients because they had admitted that they owed the plaintiff money through the discovery requests that were not answered in a timely manner.

¶10 The Arkansas Supreme Court Committee on Professional Conduct instituted disciplinary proceedings because of Collins's misconduct in both cases. Collins admitted he violated Arkansas Rule 1.1 (Competence), 1.3 (Diligence), and 5.5(a) (Unauthorized Practice of Law) and proposed a sanction of a reprimand. On July 20, 2012, the Arkansas Supreme Court Committee on Professional Conduct issued a public reprimand.

¶11 On May 20, 2013, the Illinois Attorney Registration and Disciplinary Commission likewise reprimanded Collins because of the discipline rendered in Arkansas.

¶12 The OBA requested certified final orders of discipline from Arkansas and Illinois. Once received, the OBA timely filed a notice of disciplinary action in other jurisdictions (notice) pursuant to RGDP Rule 7.7. On January 11, 2024, the OBA mailed the notice to Collins via certified mail. The Court also entered an order directing Collins to respond to the notice, but Collins failed to respond to the Court's order.

C. Consolidation of Disciplinary Matters.

¶13 The OBA requested that the separate RGDP Rule 6 and Rule 7.7 matters involving Collins be consolidated for purposes of a single record, hearing, and Trial Panel report. The Court granted the OBA's request. On April 22, 2024, the Trial Panel heard this disciplinary matter, and Collins failed to appear despite receiving notice of the hearing. The Trial Panel found that Collins violated ORPC Rules 8.1

II. STANDARD OF REVIEW

¶14 In disciplinary proceedings, this Court acts as a licensing court in the exercise of our exclusive jurisdiction. State ex rel. Okla. Bar Ass'n v. Garrett, 2005 OK 91127 P.3d 600de novo in determining if the OBA proved its allegations of misconduct by clear and convincing evidence. The Trial Panel's recommendations are neither binding nor persuasive. State ex rel. Okla. Bar Ass'n v. Anderson, 2005 OK 9109 P.3d 326State ex rel. Okla. Bar Ass'n v. Wilburn, 2006 OK 50142 P.3d 420

III. DISCUSSION

A. Collins Received Sufficient Notice of the Disciplinary Proceedings.

¶15 We must first address whether Collins received sufficient notice of these disciplinary proceedings since he failed to participate in the OBA's investigation and these disciplinary proceedings. RGDP Rule 6.3

¶16 As to the notice of the disciplinary hearing, RGDP Rule 6.7

B. Collins is Subject to Discipline for His Failure to Participate in these Disciplinary Proceedings.

¶17 Despite Collins's failure to participate in the current disciplinary proceedings, this Court determines the record is sufficient for this Court's de novo examination of the allegations against Collins.

¶18 The OBA contended, and the Trial Panel deemed admitted the OBA's contentions, that Collins failed to cooperate with the OBA's investigation into the Tenth Circuit admonishment, respond to the OBA's complaint and notice, respond to this Court's show cause order, appear at the disciplinary hearing, file a brief, and participate in any way in these disciplinary proceedings in violation of ORPC Rules 8.1(b) and 8.4(a) and RGDP Rule 5.2.

¶19 ORPC Rule 8.1(b) prohibits an attorney from failing to respond to a lawful demand for information from a disciplinary authority. In instances when an attorney has been the subject of a formal grievance, RGDP Rule 5.2 requires that an attorney provide a written response containing a full and fair disclosure of all the facts and circumstances relevant to the alleged misconduct within twenty days of receiving notice of the grievance. Following the Tenth Circuit admonishment order, the OBA sent Collins four letters within four months without receiving any response. The OBA filed a grievance and complaint, to which Collins did not respond. After the OBA sent Collins the notice regarding the disciplinary actions in Arkansas and Illinois, the Court show caused Collins to respond to the notice. The Court never received a response.

¶20 Collins has repeatedly and knowingly failed to respond to the lawful demands of this Court and the OBA in this disciplinary matter. His actions in the current matter are consistent with his conduct that led to the Tenth Circuit admonishment, failing to respond to the lawful demands of the Tenth Circuit. Failure to respond to requests from the OBA--by itself--is grounds for filing a formal complaint and the imposition of discipline. State ex rel. Okla. Bar Ass'n v. Simank, 2001 OK 1319 P.3d 860

C. Collins is Subject to Reciprocal Discipline Due to His Misconduct in Arkansas.

¶21 Further, the documents that reprimanded Collins in Arkansas and Illinois, provided to this Court by the OBA pursuant to RGDP Rule 7.7, constitute the charge and are prima facie evidence that he committed the acts described. RGDP Rule 7.7(c);State ex rel. Okla. Bar Ass'n v. Rymer, 2008 OK 50187 P.3d 725prima facie evidence of misconduct provided by the Arkansas Supreme Court Committee on Professional Conduct's Consent Findings and Order. See State ex rel. Okla. Bar Ass'n v. Patterson, 2001 OK 5128 P.3d 551

IV. DISCIPLINE

¶22 The Court imposes discipline upon an offending attorney consistent with the discipline visited upon other practitioners for similar professional misconduct. State ex rel. Okla. Bar Ass'n v. Combs, 2007 OK 65175 P.3d 340State ex rel. Okla. Bar Ass'n v. Kleinsmith, 2013 OK 16297 P.3d 1248Patterson, 2001 OK 51Id. Our ultimate goal, as mentioned, is to safeguard the interests of the public, the judiciary, and the legal profession. Patterson, 2001 OK 51 ¶ 29, 28 P.3d at 560.

¶23 The disciplinary action taken in other jurisdictions against Collins for engaging in the unauthorized practice of law and neglecting clients' matters was a public reprimand. This type of discipline is consistent with our Court's approach in cases where an attorney did not cause irreparable harm to a client. See State ex rel. Okla. Bar Ass'n v. Angel, 1993 OK 2848 P.2d 549State ex rel. Okla. Bar Ass'n v. Minter, 1998 OK 59961 P.2d 208

¶24 This matter also involves Collins's repeated failure to respond to the OBA's requests for information, participate in the disciplinary process, and comply with this Court's order. We have imposed discipline for misconduct involving client neglect and noncooperation with the disciplinary process ranging from a public reprimand to disbarment. See, e.g., State ex rel. Okla. Bar Ass'n v. Scott, 2022 OK 1502 P.3d 1101 State ex rel. Okla. Bar Ass'n v. Haave, 2012 OK 92290 P.3d 747Simank, 2001 OK 13 State ex rel. Okla. Bar Ass'n v. Kelly, 2002 OK 1048 P.3d 777

¶25 The Court's holdings in Haave and Scott help guide the imposition of discipline here. In Haave, the OBA filed a complaint, alleging that an attorney failed to complete legal services on behalf of three clients who hired and paid the attorney to perform services. 2012 OK 92Id. ¶ 2, 290 P.3d at 749. Considering the discipline imposed in similar cases, the Court found that disbarment or suspension for two years and a day would be too severe in Haave without irreparable harm to the clients. The Court suspended the attorney for two years. Id. ¶¶ 14-15, 290 P.3d at 751-52.

¶26 Similarly, in Scott, the OBA filed a complaint alleging misconduct relating to the attorney's failure to provide an account for the use of funds belonging to two clients, diligently represent his clients, and communicate with his clients. Id. ¶ 2, 502 P.3d at 1104. The attorney also did not participate in the OBA's investigation, respond to the complaint, and appear at the hearing. The trial panel granted the OBA's motion to deem its allegations admitted and recommended that the attorney be suspended for two years and one day. Id. ¶¶ 3-4, 502 P.3d at 1104. Unlike in Haave, the Court found that only two forms of discipline would be appropriate considering the harm caused to the clients and the attorney's misconduct--suspension for two years and one day or disbarment. The Court decided that, due to the attorney's continual choice not to participate in the disciplinary proceedings or recognize the Court's authority, disbarment was the only appropriate discipline. Id. ¶ 29, 502 P.3d at 1110.

¶27 Collins was publicly reprimanded in two jurisdictions for practicing law without authorization and for neglecting clients' cases. He did not inform the OBA about the disciplinary actions. Even though a public reprimand was agreed upon in the Arkansas disciplinary case, Collins's misconduct caused irreparable harm to his clients. Collins did not appropriate funds belonging to his clients like the attorneys in Haave and Scott. However, two judgments were filed against his clients, resulting in the clients having to declare bankruptcy, all due to Collins's failure to adequately represent them. In addition, the General Counsel of the OBA filed a complaint against Collins for not responding to the OBA's lawful requests regarding the Tenth Circuit admonishment for similar behavior.

¶28 Collins has further shown a total disregard for this Court's authority as exhibited by failing to inform the OBA about his previous disciplinary actions in other jurisdictions, not responding to the OBA's requests for information, ignoring the show cause order from the Court, refusing to participate in the disciplinary proceedings, not appearing for the hearing before the Trial Panel, and failing to file a brief. Such disregard justifies more severe disciplinary action beyond a public reprimand. The Court has established that an attorney whose "pattern of neglect extends to disobeying orders from this Court in his disciplinary action cannot be allowed to hold responsibility for the legal affairs of others." State ex rel. Okla. Bar Ass'n v. Kinsey, 2008 OK 98205 P.3d 866State ex rel. Okla. Bar Ass'n v. Whitebook, 2010 OK 72242 P.3d 517Scott, Collins's misconduct is not justified or explained by any extenuating circumstances in the record, and disbarment is the only suitable discipline. Therefore, Collins is disbarred from practicing law.

V. CONCLUSION

¶29 The OBA established by clear and convincing evidence that Collins violated ORPC Rules 8.1 and 8.4(a), and RGDP Rules 1.3, 5.2, and 7.7. This Court disbars Collins from the practice of law.

¶30 The OBA filed an application to assess the costs of the disciplinary proceedings in the amount of $292.42. Collins did not file an objection to this application. These costs include investigation expenses and costs associated with the record, and each is permissible. See RGDP Rule 6.16. This Court orders Collins to pay within 90 days the costs in the amount of $292.42.

RESPONDENT IS DISBARRED AND ORDERED TO PAY COSTS.

ALL JUSTICES CONCUR.

FOOTNOTES

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

(a) knowingly make a false statement of material fact; or

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

(e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

After making such preliminary investigation as the General Counsel may deem appropriate, the General Counsel shall either (1) notify the person filing the grievance and the lawyer that the allegations of the grievance are inadequate, incomplete' or insufficient to warrant the further attention of the Commission, provided that such action shall be reported to the Commission at its next meeting, or (2) file and serve a copy of the grievance (or, in the case of an investigation instituted on the part of the General Counsel or the Commission without the filing of a signed grievance, a recital of the relevant facts or allegations) upon the lawyer, who shall thereafter make a written response which contains a full and fair disclosure of all the facts and circumstances pertaining to the respondent lawyer's alleged misconduct unless the respondent's refusal to do so is predicated upon expressed constitutional grounds. Deliberate misrepresentation in such response shall itself be grounds for discipline. The failure of a lawyer to answer within twenty (20) days after service of the grievance (or recital of facts or allegations), or such further time as may be granted by the General Counsel, shall be grounds for discipline. The General Counsel shall make such further investigation of the grievance and response as the General Counsel may deem appropriate before taking any action.

At the direction of the Chief Justice, the Clerk shall immediately notify the Chief Master of the Professional Responsibility Tribunal, the President of the Oklahoma Bar Association and the respondent of the filing of a formal complaint. Such notification shall include a copy of the complaint and shall be by regular mail, except that the notice to the respondent shall be sent by certified mail to the respondent's last known address.

The Chief Master or Vice-Chief Master of the Professional Responsibility Tribunal shall notify the respondent and the General Counsel of the appointment and membership of the Trial Panel and of the time and place for hearing, which shall not be less than thirty (30) nor more than sixty (60) days from the date of appointment of the Trial Panel. Extensions of this period may be granted by the Chief Master (or the Vice-Chief Master, in case of the unavailability of the Chief Master) for good cause shown.

(a) It is the duty of a lawyer licensed in Oklahoma to notify the General Counsel whenever discipline for lawyer misconduct has been imposed upon him/her in another jurisdiction, within twenty (20) days of the final order of discipline, and failure to report shall itself be grounds for discipline.

(b) When a lawyer is the subject of a final adjudication in a disciplinary proceeding, except contempt proceedings, in any other jurisdiction, the General Counsel of the Oklahoma Bar Association shall cause to be transmitted to the Chief Justice a certified copy of such adjudication within five (5) days of receiving such documents. The Chief Justice shall direct the lawyer to show cause in writing why a final order of discipline should not be made. A written response from the lawyer shall be verified and expressly state whether a hearing is desired. The lawyer may in the interest of explaining his or her conduct, or by way of mitigating the discipline to be imposed upon him or her, submit a brief and/or any evidence tending to mitigate the severity of discipline. The lawyer may submit a certified copy of any transcripts of the evidence taken during disciplinary proceedings in the other jurisdiction to support his/her claim that the finding therein was not supported by the evidence or that it does not furnish sufficient grounds for discipline in Oklahoma. The General Counsel may respond by submission of a brief and/or any evidence supporting a recommendation of discipline.

(c) Certified copies of the documents shall constitute the charge and shall be prima facie evidence the lawyer committed the acts therein described.

(d) The Oklahoma Supreme Court may refer the matter for additional evidentiary hearing(s) before the Professional Responsibility Tribunal if the Court deems such hearing(s) necessary.

(a) Disciplinary Authority. A lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction, regardless of where the lawyer's conduct occurs. A lawyer not admitted in this jurisdiction is also subject to the disciplinary authority of this jurisdiction if the lawyer provides or offers to provide any legal service in this jurisdiction. A lawyer may be subject to the disciplinary authority of both this jurisdiction and another jurisdiction for the same conduct.

(b) Choice of Law. In any exercise of the disciplinary authority of this jurisdiction, the rules of professional conduct to be applied shall be as follows:

(1) for conduct in connection with a matter pending before a tribunal, the rules of the jurisdiction in which the tribunal sits, unless the rules of the tribunal provide otherwise; and

(2) for any other conduct, the rules of the jurisdiction in which the lawyer's conduct occurred, or, if the predominant effect of the conduct is in a different jurisdiction, the rules of that jurisdiction shall be applied to the conduct. A lawyer shall not be subject to discipline if the lawyer's conduct conforms to the rules of a jurisdiction in which the lawyer reasonably believes the predominant effect of the lawyer's conduct will occur.

<!--END DOCUMENT-->